## THE STATE v. SEVERSON.

78 653
89 · 3
78 653
f110 633
78 653
130 483

1. **Bastardy:** CIVIL PROCEEDING: DEGREE OF EVIDENCE. Proceedings under the bastardy act, to compel the defendant to maintain his alleged illegitimate child, are for the purpose of establishing a civil liability, and the issue is to be determined by a preponderance of the evidence. (See *State v. McGlothlin*, 56 Iowa, 544.

2. ———: EVIDENCE TO SUSTAIN VERDICT: NEW TRIAL: APPEAL. Where the jury believes the witnesses in a bastardy proceeding, and the district court, with its discretion, refuses to disturb the verdict of guilty, this court cannot interfere to grant a new trial, even though it might disbelieve the testimony for the prosecution. (Compare *Johnson v. Railway Co.*, 58 Iowa, 348.

3. **Evidence:** USE OF INTERPRETER: DISCRETION OF COURT. Where the testimony of a witness discloses a very imperfect knowledge of the English language on his part, it is within the discretion of the court to allow him to testify through an interpreter.

4. **Witnesses:** COMPETENCY: BOY TWELVE YEARS OLD. Where a boy twelve years old was examined by counsel and court as to his understanding of the obligations of an oath, and he appeared to have the ordinary understanding and intelligence of boys of that age, and, though not able to understand and speak English, his answers through an interpreter were satisfactory to the court, and evinced a fair understanding, *held* that this court could not say that there was error in admitting his testimony.

*Appeal from Winnebago District Court.*—HON. G. W. RUDDICK, Judge.

FILED, OCTOBER 25, 1889.

PROCEEDINGS under the bastardy act to compel the defendant to maintain his alleged illegitimate child. There was a verdict of guilty, and from a judgment of maintenance the defendant appeals.

*L. S. Butler* and *W. A. Chapman*, for appellant.

No appearance for appellee.

GRANGER, J.—I. We are asked to set aside the verdict in this case because it is not sustained by the

The State v. Severson.

**1. BASTARDY: civil proceeding: degree of evidence.** evidence. It is not claimed that the evidence is not conflicting. There is a decided conflict of evidence, and the testimony cannot be read by a disinterested party without a feeling of uncertainty as to what is a proper result. This is a proceeding to establish a civil liability, and the issue is to be determined by a preponderance of the evidence. *State v. McGlothlin*, 56 Iowa, 544. The weight of the evidence and the credibility of the witnesses are argued to us in support of appellant's claim for a reversal. These witnesses were before the jury and the district judge. Their opportunity was better than ours to judge of their credibility, and the value of their statements. The district court has a discretion as to awarding new trials that this court has not; and wisely

**2. ——: evidence to sustain verdict: new trial: appeal.** so, as its presence enables it to observe facts not possible of reproduction here, and to better know if the interests of justice demand a rehearing of issues of fact. This court has said: "It is not our province to overrule both the jury and the court in the conclusion reached as to who was mistaken, when all the facts before them are not before us." This statement was made merely in view of the fact that the testimony was conflicting. *Sloan v. Railway Co.*, 62 Iowa, 728. Even though we might disbelieve the testimony of the witnesses for the prosecution, we cannot, for that reason, grant a new trial. The jury believed the witnesses; and the district court, with its discretion, refused to disturb the finding. *Johnson v. Railway Co.*, 58 Iowa, 348. We cannot reverse the judgment in this case for insufficiency of proofs without disregarding these with other precedents.

II. While the defendant was being examined, and on the redirect, he was giving testimony as to his having seen the prosecuting witness in February before the alleged intercourse, and the court made this remark: "I don't think you need to account for this defendant at an earlier date than the twentieth of June, or later than the fourth of July." This remark was based on the testimony as to the time of the intercourse, fixing

it about the Thursday before the fourth of July. There was testimony given by Nelson and Johnson tending to show that the defendant was at the house of Nelson, where the prosecuting witness lived, on a night earlier in June than the alleged intercourse took place, and before June 20. The court refused, on motion of defendant, to strike out this testimony, and defendant complains that because of the remark of the court he was misled, and did not examine defendant or other witnesses on that point. The defendant was fully examined as to being at the house at the time testified to by the witnesses. In fact, his testimony very fully covers the ground of his being there at any time. There was no claim of any act of intercourse at the time he was said to be there before June 20, and the purpose of the testimony could only have been to show an acquaintance with Anna Nelson and the premises, and, to some extent, his purpose in being there; the testimony being given on rebuttal, and to contradict the defendant. But, further, the remark of the court was not preclusive, and could not have misled the defendant, after the other testimony was produced, and the record discloses no effort to then use the witnesses. If this had been done, and the testimony refused, the grounds of complaint would be more tenable.

III. One Tedro Ingerbretson was a witness for plaintiff, and gave part of his testimony in English,

**3. EVIDENCE: use of interpreter: discretion of court.** after which an interpreter was used, and the witness gave testimony in the Norwegian language. Of this the defendant complains. The testimony discloses a very imperfect knowledge of the English language by the witness; and, again, it was a matter wholly within the discretion of the court.

IV. It is also urged that the witness Tedro Ingerbretson was incompetent as a witness, not being of

**4. WITNESSES: competency: boy twelve years old.** sufficient capacity to understand the obligations of an oath. The witness, when sworn, was by defendant's counsel, and also by the court, examined as to his understanding in this respect. His age was twelve years, and, so far as

appears, he had the ordinary understanding and intelligence of boys of that age. It is true he did not comprehend questions in the English language, and while thus examined his answers were unsatisfactory; but with the interpreter his answers seemed satisfactory to the court, and evidenced a fair understanding. We see nothing in the record to justify an interference with the judgment of the district court, and it is

AFFIRMED.