## PLYMOUTH COUNTY BANK V. GILMAN.

1. Where a note and mortgage were transferred to an incorporated bank as collateral security and for collection, evidence of the statement of the cashier of such bank, made while the note and mortgage were still in the bank uncollected, to inquiries as to whether or not they had been collected, that the failure to collect the note and mortgage was the "fault" and "neglect" of the bank, was not admissible, such statement not being the statement of any fact in the line of his duty as such cashier, nor within the scope of his authority as an officer of the bank, but the mere expression of his opinion as to the conduct of the bank. 52 N. W. Rep. 869, affirmed.

2. The principal question in this case was as to whether or not the bank had been guilty of negligence in collecting the note and mortgage. Upon such an issue, evidence of the statement of the cashier of the bank that the failure to collect the note and mortgage was the "fault" and "neglect" of the bank was important, and this court cannot say that the admission of this evidence did not unjustly prejudice the plaintiff's case. 52 N. W. Rep. 869, affirmed.

3. A question decided by the supreme court on a former appeal becomes the law of the case in all its stages, and will not ordinarily be reversed upon a second appeal of the same case when the facts are substantially the same. 52 N. W. Rep. 869, affirmed.

4. The same rule applies where the former decision was made by the late territorial supreme court, this court being the successor of that court. 52 N. W. Rep. 869, affirmed.

5. A record on a former appeal in the same action may be looked into for the purpose of ascertaining what facts and questions were before the court, so as to see to the proper application of the rule that such decision is the law of the case. 52 N. W. Rep. 869, affirmed.

(Syllabus by the Court.  Opinion filed November 24, 1893.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

In an opinion found in 3 S. D. 170, 52 N. W. Rep. 869, the court reversed the judgment of the lower court. Subsequently a rehearing was granted in the case. This opinion is upon the rehearing. The former decision adhered to.

*Palmer & Rodge*, for respondent and petitioner for rehearing.

Declarations of an agent concerning a transaction within the scope of his powers to transact, and while a transaction is still pending are the declarations of the principal whom he represents, and should the statements if made by the principal be competent, they are also competent if made by the agent. Railroad Cos. v. Schuyler, 34 N. Y. 73; Lee v. Sandy Hill, 40 N. Y. 422; Baring v. Clark, 19 Pick. 220; Corbin v. Adams, 6 Cush. 93; Marce v. Railroad Co., 6 Gray, 450; 1 Greenleaf on Evidence, Sec. 115; U. S. v. Gooding, 12 Wheat. 468; Am. Fur Co. v. U. S., 2 Peters, 358.

A case will not be reversed if there is sufficient competent evidence to sustain the verdict, even if objectionable testimony has been improperly received. Kraumer v. Duesterman, 42 N. W. 291; Brown v. Klock, 5 N. W. S. 245; Hooker v. Brandon, 43 N. W. 741; Price v. Brown, 20 N. E. 381; Lewis v. Simon, 10 S. W. 554; Silvarer v. Hansen, 77 Cal. 579; Kingsley v. Morse, 20 Pac. 217; Riss v. Messmon, 9 N. Y. S. 320; Roe v. Kansas, 13 S. W. or S. E. 404; Powell v. Brunner, 12 S. E. 744; New York v. Nat. Broadway Bank, 27 N. E. 555; *In re* Meyers' Estate, 11 N. Y. S. 543.

The objectionable evidence was embodied in answers which contained much that was material and competent and the plaintiff's motion that "all previous answers of the witness be stricken out" could not have been sustained by the court without committing prejudicial error by striking out evidence which was competent and pertinent. Evansville v. Railroad Co., v. Swift, 27 N. E. 420; Wagmire v. Lank, 121 Ind. 1; Jones v. State, 118 Ind. 39; State v. Tall, 45 N. W. 449; Bennett v. Railroad Co., 44 N. W. 10.

*Winsor & Kittredge, contra.*

BENNETT, P. J.    This cause was before us at a former term of this court.   An opinion was rendered upon the merits, reversing the judgment of the court below, which is reported in 52 N. W. Rep. 869.   Afterwards, upon petition, a rehearing

was granted. The issue raised in the original cause was whether or not the appellant had been guilty of negligence in failing to collect certain notes left with it by the respondent for that purpose. During the trial of the case the court below permitted a witness to testify to certain declarations made by the cashier of the appellant concerning the failure of the bank to collect the notes, wherein he said, "there was no need of worrying, as it was their fault, but they would go right on and collect them," and that it was through their neglect that the notes had not been collected. This testimony was objected to by the appellant, but the objection was overruled, and it was allowed to go to the jury. Upon appeal this court held that the cashier's declarations that the failure to collect was the "fault" and "neglect" of the bank was not competent testimony, and it having been received by the court below, the case must be reversed, and a new trial ordered.

The former opinion in this case indicates that this testimony was objectionable and vicious, because it came from an agent or officer who, by reason of his agency or official position, was not competent to characterize the acts of the principal to its detriment. The respondent, in his motion for a rehearing, combats the theory of our former opinion upon these grounds: First. The evidence, if competent to have been given by the principal, was competent to have been given by the agent of the principal. Second. If the objectionable evidence was improperly admitted, the case should not be reversed if there is sufficient evidence competent to sustain the verdict. Third. The objectionable evidence was simply a conclusion of law, and a motion to strike out all prior answers of the witness could not have been sustained without committing error prejudicial to the defendant, Gilman, because much of the testimony of the witness was competent and pertinent.

As to the first proposition, the witness Gilman, in his answer to a question, among other things stated that the cashier bank told it was "their fault," and "through their neglect,"

that the Mason notes were not collected. The opinion had determined that this conversation was had during the pendency of the transaction. Such being the case, the respondent contends that the declarations of the agent concerning the acts of the principal which characterized the manner in which he performed the duties of such collector are competent and binding upon the principal. While we may agree with the respondent that an admission made by an agent while acting within the scope of his authority, and within the legitimate province of his delegated power, is by universal rule of evidence admitted as against his principal, yet this admission must directly relate to the subject-matter in controversy, or be so intimately connected with it as to constitute a part of the *res gestae.* The declarations of the agent are inadmissible to bind the principal unless they constitute the agreement he is authorized to make, or relate to and accompany an act done in the course of an agency. The objectionable statements of the bank cashier were neither of these. When the bank took the Mason notes for collection, it was no part of their agreement that they should neglect to do so, or that they should be so dilatory in the matter that the security should become worthless. This was the question to be determined by the action then pending. This was the issue then on trial. What the bank did or failed to do in relation to the collection was competent, but the conclusion or opinion of one of its officers as to the result of their acts, we think was inadmissible. That is what we said in our former opinion, and we have no reason to think differently now.

"But," says the respondent, "if the objectionable language cited in the opinion was improperly admitted, the case should not be reversed if there is sufficient competent evidence to sustain the verdict." The theory upon which this proposition is based is, no doubt, that if it was error to admit it as evidence it was not material or prejudicial, because the competent evidence, introduced without objection, would amply sustain the verdict. A violation of the established rules of evidence is al-

ways error. It is not, however, always prejudicial; that is, it is not always available for a reversal of the judgment. It may not be prejudicial in legal contemplation for three reasons: First, because it may have been invited; second, it may not be material; third, it may not exert any influence upon the ultimate decision of the case. This statement outlines a rule which perhaps will go unchallenged, but its application is a question of great difficulty. Some of the courts indicate that it is proper for the appellate court to examine and weigh the evidence, and, if it is found to clearly and decidedly preponderate in favor of the successful party, to treat the ruling admitting or rejecting improper evidence as harmless. See Holstein v. Adams, 72 Tex. 485, 10 S. W. Rep. 560; Hooker v. Village of Brandon, 75 Wis. 8, 43 N. W. Rep. 741; Roe v. City of Kansas, 100 Mo. 190, 13 S. W. Rep. 404; State v. Severson, 78 Iowa, 653, 43 N. W. Rep. 533. In the case of Barton v. Kane, 17 Wis. 38, the court said: "No doubt merely irrelevant evidence—that which has no tendency to influence a verdict either way—does not vitiate. It must appear that the party objecting was or may have been injuriously affected." The scale may be turned against a party by the exclusion of evidence seemingly of no great weight, yet because of the conduct, demeanor, and situation of a witness become really controlling; while, on the other hand, a verdict may be inclined against him by the admission of incompetent evidence apparently uninfluential, but in fact of great influence. Testimony from a living witness causes a very different influence from testimony reduced to writing and appearing from a lifeless page. It is therefore impossible to formulate any general rule that will be satisfactory and free from exceptions, but we think it safe to say that the decided weight of authority warrants the statement, when the wrong ruling is not invited, and the evidence admitted or excluded is material, the error will be available for the reversal of the judgment, unless the appellate tribunal can ascertain from the record, without being called upon to weigh the facts as adduced

by the evidence, that the wrong ruling did not prejudice the substantial rights of the complaining party.   In the case under review the evidence printed in the abstract shows that on the question of negligence there was no apparent conflict.   The court record introduced upon the trial shows that the note sued on was dated January 18, 1875; that collateral notes were given to secure its payment; that the plaintiff procured a defective judgment upon these collateral notes in October, 1876, which judgment was allowed to stand in its defective form until May, 1881, when a new judgment was obtained, and the property which was held as collateral to the note was sold for only $60. The evidence shows the value of the property at the time the note was given to have been at least $1,400.   These facts alone might, without introduction of the objectionable declarations of the bank cashier, have been sufficient to have warranted the jury in finding a verdict for the defendants, as they did.   Yet, can we say, when an officer of the bank testifies that the bank has been negligent in the performance of its duty, and that it is responsible for its acts, that the declaration did not tend to arouse a prejudice against it, and produce a verdict against it?   We think not, and, so believing, we must adhere to our former opinion.

As to the third proposition of the petitioner for a rehearing, we think he is right, and at the same time wrong.   If the motion to strike out the objectionable evidence had entirely rested upon the motion as found on pages 18 and 19, folio 36, of the abstract, as stated by the respondent, we should be inclined to agree with him; but we find on page 28, Folio 54, of the abstract, when the attention of the court below was directed specifically to the objectionable portion of the witnesses' testimony which was desired to be stricken out, the wording of the motion was as follows:   "The plaintiff then moved to strike out the evidence of Mr. Gilman in reference to a conversation in March or April 1875, with the cashier of the bank in regard to the collection of the collaterals,"—which motion was denied.   This was the con-

versation wherein the cashier had stated that it was through the "neglect" and "fault" of the bank the collateral notes were not collected, and by the refusal of the court to strike out the evidence we have held it was an error prejudicial to the rights of the appellant, which, upon review, is right.    We shall therefore adhere to our former order and opinion in this case.