## WENDT v. CHICAGO, ST. P., M. & O. RAILWAY CO.

1. A party in cross-examining a witness, cannot go beyond the subject-matter of his examination in chief, except to show his bias or prejudice, or to lay the foundation for discrediting his evidence, by showing that he had made prior contradictory statements. Within these limits, the law permits the examination of the witness as to every fact touching the matter to which he testified on his examination in chief, so that his temper, leanings, relation to the parties and the cause, his intelligence, accuracy of his memory, his disposition to tell the truth, his means of knowledge, his general and particular acquaintance with the subject-matter, may be fully interrogated.

2. The rule that a party who has not opened his own case will not be permitted to introduce it to the jury by a cross-examination of the witnesses of the adverse party, applies only to such matters as the examining party has pleaded affirmatively as a defense, counterclaim, or re-

ply, and does not apply when a defendant, on cross-examination of the plaintiff's witness, simply aims to disprove by the witness the case which the witness himself has made.

3. A party, on the cross or re-examination of a witness, is only entitled to call out the entire conversation, a part of which has been given by the witness, so far as it relates to the same subject-matter.

4. A party is not entitled, under the rule that he has a right to the whole conversation, of which a part has been given, to a conversation relating to some other subject, or which occurred at another time or place.

5. When a question asked a witness is not objectionable of itself, but the answer is not responsive thereto, and goes beyond the question, and the answer contains improper or incompetent evidence, a motion to strike out the answer, or so much as may not be responsive to the question, or as may be improper or incompetent, may be made; and the fact that the party did not object to the question does not preclude him from making the motion to strike out such answer.

6. It is only when the question itself is subject to objection; and no objection is made thereto, and the answer is responsive to the question, that the rule applies that one who sits by during the reception of incompetent or improper evidence without objecting thereto, and thus takes his chance of advantage to be derived by him therefrom, has not, when he finds such evidence prejudicial to his case, a legal right to require the same to be stricken out.

7. A statement made by a section foreman of a railroad the day after a fire occurred which is claimed to have destroyed plaintiff's property, and while such section foreman is on or at the railroad track, at or near which the fire is claimed to have started, that: "Certain it was started right here. Now I shall catch hell. because of the fire getting away,"— is incompetent evidence, and should, under the facts in this case, have been stricken out on motion made by defendant's counsel.

8. The statements, representatations, or admissions of an agent, to be admissible in evidence to bind his principal, must have been made at the time of doing the act he is authorized to do,and must have been concerning the act he was doing, either while actually engaged in the transaction or so soon thereafter as to be in reality a part of the transaction, and constitute a part of the *res gestae.*

9. When error is shown in the refusal of the court to strike out material incompetent evidence, the presumption is that prejudice resulted to the party; and, unless this court can see that no such result ensued,the case must be reversed, and a new trial granted.

(Syllabus by the court,   Opinion filed Dec. 20, 1893.)

Appeal from Minnehaha county court. Hon E. Parliman, Judge.

Action by William Wendt against the Chicago, St. Paul, Minneapolis & Omaha Railroad Company, to recover damages for injuries by fire to personal property alleged to have been caused by the negligence of defendant. There was judgment for plaintiff, from which, and an order denying a new trial, defendant appeals. Reversed.

The facts are stated in the opinion.

*Keith & Bates,* for appellant.

The proper practice when a question is asked a witness that is not objectionable of itself, but the answer is not responsive thereto and contains improper or incompetent evidence is a motion to strike out the testimony. Thompson on Trials, Sec. 718; Gould v. Day, 94 U. S. 405; City of Atchison v. Rose, 23 Pac. Rep. 561; Ryan v. People, 19 Hun. 188; McCabe v. Brayton, 38 N. Y. 196.

Declarations of the section foreman, with no proof of any authority from the defendant company to make any statement to bind it and which were not a part of the *res gestae* were not admissible in evidence. Mechem on Agency, Sec. 714; 1 Greenleaf Evidence, Sec. 113; Story on Agency, Sec. 134; Railway Co. v. O'Brien, 119 U. S. 99; McDermott v. Railway Co., 39 Am. Rep. 526; Hawkes v. Railway Co., 36 Am. Rep. 825; Packet Co. v. Clough, 20 Wall. 540.

There being no evidence upon the question of damages, no evidence as to the value of the machine after the fire, and no testimony of any injury to the machine occasioned by the fire, it was error for the court to instruct the jury that the measure of damages was the difference between the value of the machine before and after the fire. Whenever error has been committed by the court upon the trial, either in the admission or rejection of testimony, or in the instructions given to the jury, it will be presumed to have been prejudicial unless it clearly appears from the record that the error did not and could not have pre-

judiced the rights of the party appealing.   Elliott, Appellate
Procedure, p. 573; Hayne, New Trial and Appeal, §§ 132, 287;
Deery v. Cray, 5 Wall. 795; Gilmer v. Higley, 110 U. S. 47;
Greéne v. White, 37 N. Y. 405; Jackson v. Feather River Co.,
14 Cal. 19; Busenius v. Coffee, Id. 91; Grimes v. Fall, 15 Id.
63; Leonard v. Kingsley, 50 Id. 630.

It is error for the trial court to give instructions to the
jury which correctly state the law, but which are not based
upon any evidence in the case and tend to mislead the jury.
Thompson on Trials, §2315; Hayne, New Trial and Appeal,
§ 122; Beavor v. Taylor, 1 Wall. 637; Powers v. Wheatley, 45
Cal. 144; Slaughter v. Fowler, 44 Cal. 198; Mendelsohn v. Ana-
heim, etc. Co., 40 Cal. 661; People v. Sanchez, 24 Cal. 28; Gib-
bons v. Railway Co., 62 Wis. 546; Spaulding v. Railway Co.,
33 Wis. 582; Clarke v. Dutcher, 9 Cowen, 673; Bryan v. U. S.
1 Black 140.

*Cherry & Powers,* for respondent.

The declarations of the section foremen of the defendant
company were introduced by the defer dant in cross-examina-
tion of the plaintiff and over the objection of the plaintiff.   The
defendant therefore made the witness its own.   Wills v. Rus-
sel, 100 U. S. 621; People v. Oyer & Term., 83 N, Y. 459; Mc-
Fadden v. Mitchell, 61 Cal. 148; Atkin v. Mendenhall, 25 Id.
212; Thornton v. Hook, 36 Id. 227; Pellerselles v. Allen, 56 Id.
717; 10 N. W. Rep. 261; Clough v. State, 7 Neb. 340; Cool v.
Roach, 15 Id. 24; 17 N. W. Rep. 119; People v. Genet, 19 Hun.
100; Prattt v. Brockett, 20 Kan. 201; Houghton v. Jones, 1 Wall.
(U. S.) 706; Railroad Co. v. Stimpson, 14 Pet. (U. S.) 461.

The defendant in the cross-examination called out only
portions of the conversation contaii ing the admissions of the
section foreman.   The plaintiff upon re-examination had a right
to have the witness state the entire conversation.   Thompson
on Trials, Sec. 412; Sargent v. Home Benefit Association, 35
Fed. 24 Rep. 711; Grand Rapids Etc., v. Deller, 9 N. E.
Rep. 710; Campbell v. Holland, 35 N. W. Rep. 871; Brigham

v. Hubbard, 17 N. E. Rep. 920. A party may not sit by and permit a witness to detail a conversation or answer a question without objection, and if he finds it favorable raise no objection, but if unfavorable then have it stricken out Le Conteux Caumont v. Morgan, 9 N. E. 861; Pontius v. People, 82 N. Y. 340; Levin v. Russel, 42 Id. 251; Zoller v. Grant, 3 N. Y. Sup. 539; 56 N. Y. Sup. Ct. 279; Wiggins v. Guthrie, 101 N. C. 661.

It was within the province of the jury to estimate the damages to the machine from the testimony describing the injuries occasioned to the machine by the fire, and the instructions of the court that the measure of damages was the difference in value of the machine before and after the fire correctly stated the law. Bain v. Cushman, 15 Atl. Rep. 171; Railway Co. v. Warmack, 12 S. E. Rep. 813; 86 Ga. 351; John Mouat Lumber Co. v. Wilmore, 25 Pac.556; 15 Colo. 136; Morehouse v. Mathews, 2 N. Y. 514; Lincoln v. Railroad Co., 23 Wend. 425: Norman v. Wells, 17 Id. 136; Greene v. Plank, 48 N. Y. 669; Vandine v. Burpee, 54 Mass. 288; Van Gorder v. Sherman, 46 N. W. Rep. 1087.

CORSON, J. This was an action to recover damages sustained by plaintiff for the loss of hay and grass destroyed and machinery damaged by a fire alleged to have been caused by the negligence of the defendant. The case was tried by a jury, and verdict and judgment rendered in favor of the plaintiff, from which judgment, and order denying a motion for a new trial, the defendant appeals.

It was alleged in the complaint that the defendant negligently permitted dry grass and other combustible material to accumulate upon its right of way; that the defendant negligently caused the same to be set on fire by a passing engine; and that the said fire was permitted by the negligence of the defendant to extend to the premises of the plaintiff, causing the damage complained of. The answer was a general denial, ex-

cept as to certain facts admitted, not necessary to be noticed. One of the important facts, therefore to be established by the plaintiff on the trial was the starting of the fire on the defendant's right of way. This fact, and the value of the property destroyed, constitute the principal issues in the case.

On the trial the plaintiff was called as a witness on his own behalf, and examined very fully as to the nature, character, and value of the hay and grass burned and the machinery damaged, by his own counsel. On cross-examination the appellant's counsel examined him upon the same subjects, and asked him as to certain conversations between himself and one Haffey, a section foreman on the defendant's road on which the fire was alleged to have originated, and as to statements made by him to Haffey as to the amount and value of the hay and grass destroyed and machinery injured, the value of which plaintiff was seeking to recover. The witness testified as to the conversation between himself and Haffey as to the amount and value of the hay and grass, machinery, etc., but denied making certain statements to Haffey in reference thereto, called to his attention by the counsel for appellant. Upon his re-examination by counsel for the respondent he was asked and answered the following questions: "Q. Mr. Keith asked you in regard to a conversation that took place between you and Mr. Haffey? A. Yes, sir. Q. You have not stated the whole of that conversation, have you? A No, sir; I guess not. Q. Just detail the whole conversation. A. Well, he came there to my house, and wanted me to along with him, and went past the stack there; and he wanted to know how much I thought was there, and I gave him my idea. Q. How much did you tell him there was in the stack? A. I told him I thought eleven ton. And we went on to the railroad track, to see and satisfy ourselves where the fire started. I was not sure where the fire started, for the fire had got a big headway. Q. You went to the railroad track for what purpose? A. Well, he hadn't been down there. He was

VOL. 4, S. D.—31

dissatisfied as to where the fire originated, and then he says, 'Certain it was started right here. Now,' he says, 'I will catch hell.' Says I, 'Why?' 'Well,' he says, 'because of the fire getting away.' Says I, 'They cannot say nothing as long as they keep you.'" Defendant's counsel objected to the conversation detailed with Mr. Haffey, and moved to strike out the answer of the witness in regard thereto, upon the ground that it is incompetent, immaterial, and not binding in any way upon the defendant in this action; and there is no proof that Mr. Haffey had any authority from the company, or could make any statement to bind it; that this conversation occurred some time after the fire, and was no part of the *res gestae*, and is not responsive to the question. The counsel for appellant contends that in denying appellant's motion the court erred, and for this error appellant is entitled to a new trial. The cross-examination of the witness was confined to the conversation between himself and Haffey as to the amount and value of the hay and grass destroyed and the machinery injured. No question was asked him by counsel for appellant in reference to the place where the fire originated, or as to conversations in regard thereto. It is insisted by counsel for the respondent that the counsel for appellant should have objected to the question, and that by his failure to do so he was precluded from moving to strike out the answer. But it will be noticed that the question itself did not call for the answer given by the witness. It was not responsive. The question is, "You went to the railroad track for what purpose?" The question calls for no conversation, and makes no reference to the fire, or the place where it started. The proper answer to the question would have been to state the purpose for which they went there, and not the conversation had there. The question itself seems to be a preliminary one, and does not appear to be objectionable, or calculated to attract the attention of the counsel. A responsive answer could not have been very material to the case. We are of the opinion, therefore, that the failure of appellant's

counsel to object to it did not preclude him from moving to strike out the answer as not responsive to the question, and as incompetent evidence in the case.

The counsel for respondent further contends that, as the counsel for the appellant had brought out for the first time the conversation between the witness and Haffey, he made him his own witness. We cannot agree with the counsel in this contention. The witness had been fully examined by the counsel for respondent as to the quantity and value of the hay, grass, etc., destroyed, and it was perfectly proper for appel·lant's counsel to interrogate the witness in regard to statements made upon these matters to Haffey, either for the purpose of inducing him to qualify his statements made in his examination in chief, or to lay the foundation for discrediting his evidence by showing that he had made prior contradictory statements. The learned counsel for the respondent seems to overlook the fact that upon a cross examination great latitude should be permitted. And, as said by the supreme court of California: "Undoubtedly, the cross examination cannot go beyond that matter [the subject-matter of the examination in chief;] but it ought to be allowed a very free range within it. In order to do this the witness may be sifted as to every fact touching the matters as to which he testifies, so that his temper, leanings, relations to the parties and the cause, his intelligence, the accuracy of his memory, his disposition to tell the truth, his means of knowledge, his general and particular acquaintance with the subject matter, may be fully tested." In discussing the rule laid down by Mr. Greenleaf in his work on evidence, (Section 447) that "a party who has not opened his own case will not be allowed to introduce it to the jury by cross examining the witnesses of the adverse party, though, after opening it, he may cross examine them for that purpose," the court said: "We do not understand the doctrine of Greenleaf to go further than this: that if the defendant sets up a defense not necessarily involved in the denial of the plaintiff's case, but consisting of

new matter, then the defendant must wait until after his opening, before he offers proof of this new matter. But the rule is wholly different when all the defendant, on cross examination, wishes to disprove, by the plaintiff's witness, is the very case that witness has made." Jackson v. Water Co., 14 Cal. 19. This, we apprehend, is the true meaning of the courts when they say that a party's right to cross examine a witness without leave of court is limited to the facts and circumstances connected with matters stated in his direct examination, subject to any question showing the bias or prejudice of the witness, or laying the foundation to admit evidence of contradictory statements. We do not think counsel for appellant exceeded his right of cross examination, or made the witness his own.

Counsel for respondent further contends that counsel for appellant sat by and permitted the re-examination of the witness, without objection, as to the whole conversation. We think there is no force in this contention, as, up to the last question, the answer to which the objection is taken, the re examination is in line with the cross examination. That question as we have seen, did not call for any conversation. Had the question called for the conversation in detail, and the counsel for appellant sat by and made no objection, of course he could not afterwards have moved the court to strike it out. A party cannot sit by and permit an incompetent or improper question to be asked without objection, and, when he finds the answer is against him, then move to strike out the answer. The case of Caumont v. Morgan, (N. Y. App.) 9 N. E. 861, admirably illustrates this doctrine. The question was. "Tell what he [Morgan] said." "To that question," says the court, "no objection was interposed, and he had completed his answer and narration as to what had occurred at the interview of which he was speaking. Then came the objection. If, as would seem, it had reference to testimony already given, it came too late." The court there states the rule applicable to such a case as follows; "It is entirely clear that a party who has sat by during

the reception of incompetent evidence without properly object-
ing thereto, and thus takes his chance of advantage to be de-
rived by him therefrom, has not, when he finds such evidence
prejudicial, a legal right to require the same to be stricken
out." It will be noticed that in that case the question called
for a statement or narration of all that was said, and that the
answer was strictly responsive to the question. But after the
answer of the witness was given without objection to the ques-
tion in evidence, a motion was made to strike it out. This
seems to be the effect of the numerous decisions cited by the coun-
sel for respondent, and is no doubt correct. But the rule ap-
plicable to the case at bar is clearly stated by Mr. Justice
FIELD in Gould v. Day, 94 U. S. 405, on page 414, as follows:
"The objection to the testimony of the witness Heather, in an-
swer to the question whether he could form a judgment of the
quantity of timber which had been on certain pine timber land
from the stumps that remained, is untenable, for it was not ta-
ken in the court below. The question was there objected to,
not the answer. The question only inquired as to the witness'
ability to judge from an existing fact what a previous fact
might have been, and, in itself, was unobjectionable. If his
answer went beyond the question, it was to that the objection of
counsel should have been directed, by a motion to exclude it as
not responsive, or otherwise improper, or as incompetent testi-
mony." McCabe v. Brayton, 38 N. Y. 196; Ryan v. People, 19
Hun. 188; City of Atchinson v. Rose (Kan.) 23 Pac. 561;
Thomp. Trials, § 718. The answer, therefore, should have
been stricken out on the two grounds that it was not responsive
to the question, and was incompetent evidence. The answer
moved to be stricken out was the statement of an employe of
the defendant company, and was, in effect, the admission of
such employe that the fire originated at such a place as to
make the company liable. The manner of giving the state-
ments of Haffey was dramatic, and calculated to produce great
effect upon a jury. Upon that question it would have been dif-

ficult to have introduce evidence more likely to settle the question in the minds of the jury.

The authority to make statements binding upon his principal was so fully considered, discussed, and the authorities cited in the cases of La Rue v. Elevator Co., (S. D.) 54 N. W. 806, Bank v. Gilman (S. D.) 52 N. W. 869, and the same case on rehearing, 56 N. W. 892, (decided by this court)—that we do not deem it necessary to discuss it in this case. In the first case cited this court laid down the rule governing the statements made by agents as follows: "(1) The statements, representations or admissions of an agent, to be admissible in evidence to bind his principal, must have been made at the time of doing the act he is authorized to do, and must have been concerning the act he was doing, either while actually engaged in the transaction or so soon thereafter as to be in reality a part of the transaction, and constitute a part of the *res gestæ.*" The same rule applies to this case. The statement of Haffey, as detailed by the plaintiff, was made after the fire complained of, and was not made by him while in the performance of any duty imposed upon him by the company, or which he was authorized to perform by the company. It was purely heresay, and clearly incompetent.

It is contended by the counsel for the respondent that, if the court erred in denying the motion to strike out the evidence complained of, it was an error without prejudice, and there was sufficient evidence to justify the jury in finding for the plaintiff, independent of the statements alleged to have been made by Haffey. But in this contention we cannot agree with counsel. It is true that there was the evidence of one other witness, who was more than a mile away, with the smoke of the engine blowing towards him, which tended to prove that the fire originated on the appellant's right of way; but we cannot, under these circumstances, say that the jury was not influenced in its verdict upon that question by the statement of Haffey. Being, as he was, an employe of the defendant,

charged with the duty of looking after a portion of defendant's right of way on or near which the fire that destroyed plaintiff's property originated, his statements must, we think, have had great influence with the jury. In any event, we cannot say that defendant was not prejudiced by this evidence. When error is shown the presumption is that prejudice resulted; and, unless the court can clearly see that no such results ensued, the case should be reversed and go back for a new trial. We regret this, as the verdict is not a large one; but be the verdict large or small, the defendant is entitled to have his case tried upon legal evidence only, and when it appears that incompetent material evidence has been admitted, our duty to reverse the case it a plain one, unless it clearly appears from the record that no prejudice could have resulted. Under the facts disclosed by the record in this case we cannot say that the error complained of was not prejudicial to the defendant.

There were numerous other errors assigned, and many of them discussed by counsel, but, as these questions may not arise again in a new trial, it will not be necessary to consider them. The judgment of the court below is reversed, and a new trial granted; all the judges concurring.