## HEBERT v. HEBERT.

Where, in an action on a note, defendant claimed that he had made a partial payment thereon, and plaintiff admitted on cross-examination, that defendant had paid him a specified sum, it was proper, on re direct examination, to allow him to testify that the payment was made for work performed and that there was that amount due on that account.

Where, in an action on a note, plaintiff claimed that the sum paid him was paid for work done and not as a partial payment on the note, as alleged by defendant, and defendant testified that plaintiff was a poor workman and did not do as much work as others employed for less wages than that claimed by plaintiff, it was proper to permit plaintiff to prove in rebuttal that he did more work than the others.

An objection to the admissibility of evidence must be made before the question eliciting the evidence is answered, unless the answer is not responsive, in which case a motion to strike it our for that reason is proper.

Where, in an action on a note, plaintiff claimed that a sum paid him was paid for work performed, and not as a partial payment on the note, as alleged by defendant, and defendant testified that plaintiff was a poor workman, it was not error to permit plaintiff to testify that defendant found no fault with the work.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by John Hebert against Frank Hebert. From a judgment for plaintiff, defendant appeals. Affirmed.

*Chauncey L. Wood*, for appellant. *Charles W. Brown*, for respondent.

CORSON, J. The plaintiff and respondent sues upon a promissory note for $1,000, dated June 1, 1900, and payable to his order two years after date, with interest at 7 per cent. per annum. The plaintiff in his complaint alleged that no part of said note had been paid, except the sum of $200 paid on the 3d day of June, 1901, and

indorsed upon said note, and demanded judgment for $870 principal and interest, with interest thereon from June 1, 1902. The defendant admitted the execution of the note, and denied each and every other allegation of the complaint, and alleged that in the month of June, 1901, he paid the plaintiff the sum of $600, $200 of which was indorsed upon the note, and subsequently $400 more, in two payments of $200 each, which should have been indorsed upon the note, and that there was due from the defendant to the plaintiff on the note the sum of $400, and no more. Verdict and judgment being in favor of the plaintiff on all the issues, the defendant has appealed.

On the trial the plaintiff, as a witness in his own behalf, testified that he had been paid upon said note the sum of $200, which was indorsed thereon, and $70, interest for one year, and no more. On his cross-examination he was asked by the defendant's counsel whether the defendant did not, in addition to the $200 indorsed upon the note, pay him $200 in the office of B. R. Wood, and the third sum of $200 on the streets of Custer. The plaintiff admitted the payment of these two sums, but testified that the second $200 was paid as consideration for mining ground conveyed by him to the defendant, and that the third $200 was paid on account of work and labor performed by him and his son for the defendant. It will thus be seen that the real issue was as to whether or not the second and third $200 payments were made upon the note or made, as stated by the plaintiff, for mining ground conveyed by him to the defendant and for work and labor performed by him and his son for the defendant; the payment of $70 interest on the note not being controverted by the plaintiff. The plaintiff, in his re-direct examination, was asked to explain to the jury the mining transaction upon which the second $200 was paid, and the work and the labor performed by him, and the amount due him therefor, upon which the third $200 was claimed by him to have been paid. It appears that when the second and third payments of $200 were made, in June, 1901, there was nothing due upon the note; the interest having been paid for the year ending June 1, 1901. The defendant, testifying in his own behalf, admitted that he employed the plaintiff, and that he had never settled with him for the work and labor performed, and that he had

paid him $190 on account thereof, as testified to by the plaintiff. The defendant also testified that the plaintiff was not a very good worker.

It is contended by the appellant that the court erred in permitting the following questions, to be propounded to the plaintiff on his re-direct examination: "Tell how much labor you did in 1900, or at any time for your brother." This question was objected to on the ground that it was immaterial to any of the issues in the case, and, the objection being overruled, exception was taken. The answer was, in substance, that he and his son worked for the defendant for several months, and that there was due him therefor the sum of $487.50. We are of the opinion that there was no error committed by the court in permitting the plaintiff to answer the question. Having admitted on his cross-examination that the $200 had been paid him, it was proper, in re-direct examination, to allow him to testify on what account the $200 was paid, and to show that there was due him that amount and more for the work and labor performed by him, on account of which the $200 was paid.

It is further contended by the appellant that the court erred in permitting the plaintiff in rebuttal to answer the following question: "Now, I merely want to ask you about this work. How did the work done by you there, the surface work, the above-ground work, compare with that done by any other party working for your brother Frank?" No objection was made to this question at the time it was propounded to the witness, and he answered: "I hauled more wood in one day than any man that I seen done in three." The defendant thereupon objected to the question as not proper rebuttal evidence. This, we think, was proper rebuttal, for the reason that the defendant, when testifying as a witness in his own behalf, had stated that the plaintiff was a very poor worker, and that he did not do as much work as another man employed by him at less wages than that claimed by the plaintiff. But, as no objection seems to have been taken to this question until after it was answered, the objection was in any event clearly untenable. A party is not permitted to sit by until the question is asked and answered without objection, and then make the objection to the question. The objection should

be made before the question is answered, unless the answer is not responsive to the question, and a motion is made to strike it out for that reason. Wendt v. C. M. & St. R. R. Co., 4 S. D. 476, 57 N. W. 226.

It is further contended by the appellant that the court erred in permitting the plaintiff to answer the following question: "Was any fault found by Frank with your work?" This was objected to as cumulative and immaterial; but we are of the opinion that it was properly admitted for the same reason that the foregoing question was admitted, namely, in rebuttal of defendant's evidence that plaintiff was a poor worker.

These are the only errors assigned except that the court erred in overruling the plaintiff's motion for a new trial, which last assignment was not urged in this court. It is quite apparent from the record in this case that the appeal was taken merely for delay, and we are of the opinion that it is a proper case to impose damages for the delay caused by the appeal, as we are authorized to do by subdivision 5, § 411, Rev. Code Civ. Proc.

The judgment of the court below and order denying a new trial are affirmed, with 10 per cent. damages for the delay caused by the taking of the appeal.