FRENCH, Respondent, v. STATE SAVINGS BANK OF ORTLEY, Appellant.

(151 N. W. 286)

(File No. 3697.   Opinion filed March 8, 1915.)

**Appeals—Evidence, Materiality—Harmless Error—Prejudice, Necessity of Showing—Statute.**

Under Laws 1913, Ch. 178, Sec. 1, providing that no exception shall be regarded unless it appears that the error com-

plained of relates to a material point, and that the effect thereof was prejudicial, no error is presumed to be prejudicial; and the admission of material evidence not affirmatively shown to have been prejudicial will not require a reversal; and where the record does not contain all of the evidence, it will be presumed that there was ample evidence to sustain the verdict.

Appeal from Circuit Court, Roberts County.   Hon. RAYMOND L. DILLMAN, Judge.

Action by Edith French against the State Savings Bank of Ortley, in claim and delivery and for damages.   From a judgment for plaintiff and from an order denying a new trial, defendant appeals.   Affirmed.

*C. C. Bush, and Anderson & Waddel,* for Appellant.

*Howard Babcock,* for Respondent.

Appellant cited:   3 Cyc. 386, and cases cited; Wendt v. Chicago, St. P. M. & O. Ry. Co., 57 N. W. 226.

Respondent submitted that:   The record must not only show error, but also that the party complaining was in some manner thereby prejudiced.

SMITH, J.   This was an action to recover possession of personal property, viz., horses and milch cows, with damages for wrongful detention.   There was a jury trial resulting in a verdict and judgment for plaintiff for a return of the property or its value, fixed at $650, and for damages in the sum of $150.   The appeal is from the judgment and an order overruling a motion for a new trial.   The only errors assigned relate to the admission of certain evidence.

Plaintiff testified to her ownership and possession of the property; that she was using the cows for milking purposes and support of her family.   She was then asked by her counsel, "How many children have you?" and over objection was permitted to testify in substance that she had four children who were living with and were supported by her; that the cows gave about 20 quarts of milk daily, part of which was consumed by the family and the rest sold to the neighbors and to men working on the railroad, for which she received five cents per quart; that she used the horses for various purposes, such as working on the farm and driving persons about for pay; and that she had no other horses, except a colt.

It is appellant's contention that the court committed reversible

error "in permitting the respondent to dwell on the facts that she had a family of children; that she was living in a house at Ortley and had her children with her, was there supporting herself, and in doing this she used the milk of the cows for food, and used the horses to plow the garden, haul the hay, chase the cows, and drive parties out for pay"; and that this evidence was incompetent to prove the value of the property or damages for its detention, and that it "only acted to prejudice the jury against appellant." Some of this evidence was immaterial, perhaps, but it is not made to appear that it was prejudical. The record does not purport to contain all the evidence, and we are bound to presume there was ample evidence to sustain the verdict. For this reason it is not affirmatively made to appear that such immaterial evidence was prejudicial.

This case would seem to fall within the rule in Wendt v. C., St. P., M. & O.. Ry. Co., 4 S. D. 476, 57 N. W. 226, that, error appearing, prejudice will be presumed, "unless the record affirmatively discloses that the error was not prejudicial." But the Legislature of this state, in its wisdom, has seen fit to change the rule formerly prevailing as to a presumption of prejudice where error is shown, and by section 1, c. 178, Laws 1913, declares that:

"No exception shall be regarded, either upon a motion for a new trial or upon appeal to the Supreme Court unless it clearly appears that the error complained of relates to a material point and that the effect thereof was prejudicial to the party excepting."

The record in this case fails to show affirmatively that the alleged errors were prejudicial to appellant.

The judgment and order of the trial court are therefore affirmed.