## CHILEY McGIRT v. STATE.

No. A-8433. Feb. 3, 1933.
(18 Pac. [2d] 1099.)

Billingsley & Kennerly and John M. Stanley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Seminole county of the crime of manslaughter in the first degree on an information charging him with having murdered one G. A. Matteson, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of six years.

It is first contended that the trial court erred in permitting the state to read the testimony given by Mrs. G. A. Matteson, wife of the deceased, and that of Wilson Bohanon, given at the preliminary examination of such witnesses, as the testimony of such witnesses in this trial.

The principal contention under this assignment is that the state did not lay a sufficient predicate for the introduction of this evidence.

Charley Lyons, a deputy sheriff, testified that he knew Mrs. A. G. Matteson and Wilson Bohanon; that he made a search for Mrs. Matteson, and learned that she was in Missouri, and that he made a search for Bohanon in Seminole county, and at Allen, in another county; that he made diligent inquiry and search, and was unable to find the witnesses in the jurisdiction of the court.

After this showing was made by the state, counsel for defendant objected to the reading of the evidence because no sufficient predicate had been laid, which the trial court overruled. No exception was saved to this ruling, but counsel for defendant said, "Go ahead and read it, Judge," thus waiving his objection by directing the county attorney to read the evidence, instead of saving his exceptions. It might also be said that in cases of this kind the admission of evidence which is not objected and excepted to will not be reviewed on appeal by this court unless it con-

stitutes fundamental error. Meiggs v. State, 16 Okla. Cr. 557, 185 Pac. 450.

It is next contended that the trial court erred in refusing to appoint an interpreter to interpret the testimony of defendant, who was a full-blood Seminole Indian.

Section 605, C. O. S. 1921, reads as follows:

"Before testifying, the witness shall be sworn to testify to the truth, the whole truth, and nothing but the truth. The mode of administering an oath shall be such as is most binding on the conscience of the witness. An interpreter may be sworn to interpret truly, whenever necessary."

Under the terms of this section, it is a matter of discretion with the trial judge to appoint an interpreter according to the necessity of the particular occasion. Schall v. Eisner, 58 Ga. 190; State v. Severson, 78 Iowa, 653, 43 N. W. 533; Perovich v. United Stated, 205 U. S. 86, 27 S. Ct. 456, 458, 51 L. Ed. 722.

In the latter case, the Supreme Court of the United States said:

"This is a matter largely resting in the discretion of the trial court, and it does not appear from the answers made by the witness that there was any abuse of such discretion."

An examination of the record in the case at bar discloses that the defendant had sufficient intelligence and knowledge of the English language to testify fully and completely concerning the happenings surrounding the shooting of the deceased, and that it was not an abuse of discretion for the trial judge to refuse to appoint an interpreter for him in this case.

It is also contended that the trial court erred in overruling defendant's demurrer to the state's evidence and in

overruling his motion for a new trial, because the verdict is contrary to law and not supported by the evidence.

While there is some conflict in the evidence, it is amply sufficient to support the verdict and judgment. The testimony of defendant does not make out a case of justifiable homicide, but indicates the deceased was shot and killed by defendant while he was under the influence of intoxicating liquor and did not see any facts sufficient to impress upon his mind a reasonable belief that he was in imminent danger of death or serious bodily harm at the hands of the deceased at the time he fired the fatal shot. Immediately after having fired the shot, defendant took his shotgun and his four year old boy on his back and ran to his brother-in-law's place, and there hid the gun. When arrested that night, he made no claim of self-defense, nor that deceased fired a gun at him just before he fired the fatal shot, although he did make and sign a full statement of the facts surrounding this killing shortly after he was arrested.

The grounds urged for a reversal of this judgment in this court possess no substantial merit. Considering the whole record, defendant escaped with very light punishment for the crime committed by him. The judgment is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.