THOMAS WALKER & COMPANY, plaintiffs in error, v. MERCER & DeGRAFFENRIED, defendants in error.

(Atlanta, June Term, 1870.)

STATUTE OF LIMITATIONS—WHEN STATUTE BEGINS TO RUN ON OPEN ACCOUNT.*—The plaintiffs sued the defendants in a Justice's Court, on an open account for $17 00, the first item of which was charged in November, 1860, and the last item of which was charged on the 15th September, 1862, and the defendants pleaded the statute of limitations in bar of the plaintiffs' right to recover. The Justice overruled the plea of the statute of limitations, and gave judgment for the plaintiffs. An application was made to the Judge of the Superior Court for a certiorari for alleged error in the ruling of the Justice, which was refused by the Judge:

*Held,* That the amount sued on being one entire account between

---

*STATUTE OF LIMITATIONS—WHEN STATUTE BEGINS TO RUN—MUTUAL ACCOUNTS.—Where mutual accounts have been running between the parties for a number of years but there has been no accounting or liquidation of the indebtedness or other like act by which a new point was established from which the statute could begin to run, none of the accounts would be barred by the statute of limitations until the last item charged is barred. Madden v. Blain, 66 Ga. 52, citing Walker v. Mercer, 41 Ga. 44; Schall v. Eisner, 58 Ga. 190. The principal case is cited to the same effect in Gunn v. Gunn, 74 Ga. 568.

SAME—SAME—WHERE ACCOUNT BECOMES DUE AT END OF YEAR.—In McLaughlin v. Maund, 55 Ga. 689, where an account sued on covered work done through a series of years and the evidence disclosed that the amount of each year's work became due at the close of the years respectively, the court said: "The work for which the plaintiff seeks to recover, was done at separate and distinct times, in separate and distinct years. The amount charged for the work done in the year 1865, the plaintiff expressly states was due at the end of that year, and consequently was barred by the statute of limitations. This case does not come within the decision of this court in Walker v. Mercer, 41 Ga. 44, in which there was a running account and mutual dealings between the parties." The principal case is cited to the same effect in Davis v. Bennett, 72 Ga. 762.

the parties, the statute of limitations did not begin to run against the same until the date of the last item in said account, and that four years had not expired from the 15th September, 1862, to the time of the adoption of the Ordinance of the Convention in November, 1865, suspending the operation of the statute of limitations, and that the plaintiff's right of actions was not barred.

Statute of Limitations. Certiorari. Before Judge Clark. Chambers. Dougherty county. January, 1870.

In January, 1870, Mercer & DeGraffenried sued Thomas Walker & Company, before a Justice of the Peace, upon an open account made in 1860, 1861 and 1862. It began in November, 1860; and its last item was dated the 15th of September, 1862. No defense was filed except the statute of limitations. The plaintiff's attorneys demurred to said plea, *upon the ground that the statute of limitations was suspended by the acts of 1860, 1861, etc. The Justice sustained the demurrer, and gave judgment for plaintiffs. Whereupon said defendant prayed Judge Clark for a certiorari, requiring said Justice to send up said proceedings, that his alleged error might be corrected. Believing the Justice was right, the Judge refused the certiorari. This refusal is assigned as error.

Vason & Davis, G. J. Wright, for plaintiffs in error.
Strozier & Smith, for defendants.

WARNER, J.

This was a suit on an open account for $17 00, the first item of which was charged in November, 1860, and the last item of which was charged on the 15th of September, 1862. The account was sued on as one entire debt or demand. The defendants pleaded the statute of limitations in bar of the plaintiff's right to recover. The record shows that there were mutual dealings between the parties (whether merchants or not, does not affirmatively appear,) up to the 15th September, 1862. Four years, therefore, had not elapsed from the date of the last item in the account to the time of. the suspension.of the running of the statute of limitations, by the Ordinance of the Convention in November, 1865; and there was no error in the Court below in refusing to sanction the certiorari, on the ground that the account was not barred by the statute of limitations: See Fellows v. Greimarin, Dudley's Georgia Reports, 100. Let the judgment of the Court below be affirmed.

---

(Atlanta, June Term, 1870.)

APPELLATE PRACTICE—REVIEW—ORDER FOR ATTORNEYS' FEES AND ALIMONY.—An order for attorneys' fees and