Jacob Schall, plaintiff in error, *vs.* Michael Eisner, defendant in error.

1. Whenever, from the witness speaking broken English, or otherwise, so as to make his testimony unintelligible to the jury, the presiding

judge thinks it necessary, he may have an interpreter sworn to trans-
late the evidence into intelligible English.

2. A journeyman shoemaker, working by the job, may refer to the
books he has kept, as a memorandum to refresh his memory, and
may swear to the correctness of his account as taken from the books,
his memory being so refreshed, but neither the books nor an extract
from them, are admissible as original evidence for the jury.

3. Where a running account for a series of years, between the shoema-
ker and his employer, has been kept, for work on the one hand, and
board on the other, neither the general statute of limitations, nor
the act of 1869, will bar a suit thereon for any part thereof, so long
as the last item of such account is within the limitation; but if
there be at any time an accounting and settlement between the par-
ties, monthly or otherwise, whereby the account is sifted and stated,
or liquidated either by cash, or note, for the balance due, or the
carrying forward of such balance to the next month's account, such
settlement will become a new departure, and the items within the
statute will draw without its operation only, that part of the account
made since such settlement, with such balance, if any, brought for-
ward.

4. It is the duty of the parties in interest to see to it that the whole
record is brought to this court; and if any part of the plea or evi-
dence be omitted, though by mistake, and no diminution of the
record be suggested in time, and the figures of the record before
this court show that the verdict is wrong, one ground of the motion
for a new trial being that the verdict is against the evidence, this
court must grant a new trial.

Witness.   Evidence.   Statute of Limitations.   Practice
in the Supreme Court.   Before Judge HILL.   Bibb Supe-
rior Court.   April Term, 1876.

Reported in the opinion.

BACON & RUTHERFORD, for plaintiff in error.

DESSAU & STROHECKER, for defendant.

JACKSON, Judge.

Eisner sued Schall on a two hundred dollar note due in
1860, for three hundred dollars money loaned in 1865 or
1867, and balance of a running account between the two.
Eisner worked as a day laborer in Schall's shoe shop, in
Macon, and kept an account against him for work and labor

done in the shop; Schall boarded him, and paid him some money, from time to time; the price of board was a subject of dispute. On the trial of the case brought on the two hundred dollar note, the three hundred dollars money loaned, and the balance alleged to be due on the account, making, in all, eight hundred and twenty dollars, the jury found a verdict for $320.00. Schall moved for a new trial, the court overruled the motion, and Schall excepted.

1. It is objected, first, that Eisner, being a German, and speaking very bad English, the judge allowed an interpreter to be sworn to translate into English what he said, when sworn as a witness. As we understand it, this has always been the law; it is re-enacted in the Code, founded in common sense, and absolutely necessary for the administration of justice. Code, §3858.

2. It was objected next, that Eisner's book, wherein he kept, in German, his accounts against Schall for the boots and shoes which he made and mended, was suffered to go to the jury as original evidence in the case, or that a translated copy thereof was admitted as original evidence. We do not think that this book was the sort of book which the law allows to go to the jury, either in the original German, or by a translated copy. It was not a book kept by a shopkeeper, store-keeper, or any other person dealing with customers by whom the dealer could show that he kept correct books; but it was a mere memorandum kept by Eisner against Schall. As such, he was at liberty to refresh his memory with this book, and with his memory, so refreshed, swear to the account appended to his suit; but the book, itself, was not evidence. Code, §3777.

3. It was also objected that the court instructed the jury erroneously in respect to the application of the statute of limitations to this case. The court charged to the effect that if the last item was within four years from the bringing of the suit, that none of the account was barred. We think this objection well-founded. There was proof that there had been settlements of the account from time to time.

The defendant so testified, and the plaintiff, whilst he seemed to deny that there had been any full settlement, seemed to admit that there had been some sort of settlements. The burden was upon the defendant to prove any settlement that he attempted to set up. But we think that the court should have charged the jury that in an account like this, of mutual debts between the parties, the statute of limitations would not bar the suit for any part of the account if the last item was not barred, but if there had been an accounting and settlement between the parties, monthly or otherwise, whereby the account was sifted and stated, or liquidated either by cash or note for the balance due, or by the carrying forward of such balance to the next month's account, that such a settlement would become a new point of departure, a new station, as it were, from which a new account would begin, and that the items of the account not barred by the statute, would draw without its operation only that part of the account made since such settlement.

4. The verdict is against the evidence as the record is brought here. Some pages of the account are probably left out, but as it appears in the record it foots up only $2,157.00, while it should amount to $4,101.00, to authorize the verdict of the jury. We are inclined to think that a large part of the account has been omitted. It is the duty of the parties interested and injured by any omission in the record, to suggest a diminution thereof; if they fail to do so, this court must be governed by the record, and will rule accordingly. Looking at the figures as they stand, the verdict is without evidence to support it, and it must be set aside and a new trial be granted. The case tried over, we think, will probably turn upon the veracity of the parties in respect to the agreed price for board, the loan of cash, and when loaned, so as to determine whether it was barred, and the question whether there ever was a settlement of the running account so as to bar prior items thereof.

Judgment reversed.