## MADDEN *vs.* BLAIN.

1. Where accord and satisfaction was pleaded to an action of complaint, on the ground that the same subject matter had been submitted to arbitration and passed upon, and the evidence was conflicting as to whether this account was included or not, that question was properly submitted to the jury ; and we cannot say in this case that their finding was wrong.
2. To defend against an action for physician's services, on the ground of a custom among physicians not to charge each other, it must appear that that custom was of such universal practice as to justify the conclusion that it became, by implication, a part of the contract. The evidence in this case fails to prove such custom.
3. Where mutual accounts have been running between the parties for a number of years, but there has been no accounting or liquidation of the indebtedness, or other like act by which a new point was established from which the statute could begin to run, none of the accounts would be barred by the statute of limitations until the last item charged is barred.

4. The facts that a son-in-law was at the bed-side of his dying mother-in-law, rendering such services as he could ; that he knew the physicians who were attending her, and said nothing, were not sufficient to render him liable for their services, there being no evidence that he employed or acquiesced in the employment of the physicians who subsequently sued him therefor. Especially is this true where the estate left by the patient was amply sufficient to pay such charges.

New trial. Accord and satisfaction. Custom. Contracts. Statute of limitations. Domestic relations. Before Judge MERSHON. Glynn Superior Court. May Term, 1880.

The following, in connection with the decision, sufficiently reports this case : In 1879, Blain brought complaint against Madden on an open account for medical services. The first three items were dated in 1874, the others from 1875 to 1878. Defendant pleaded the general issue ; the statute of limitations as to the first three items ; that both he and plaintiff were licensed physicians, and that there was a custom among physicians not to charge each other ; accord and satisfaction ; and set-off. The entire account sued on amounted to $246 00. One item of it was for medical services rendered to the mother-in-law of defendant in her last illness, $75.00. The jury found for the plaintiff the full amount sued for, less certain items of set-off. Defendant moved for a new trial on the following, among other grounds :

(1.) Because the verdict was contrary to law and the evidence.

(2). Because the court charged the jury to see from the evidence whether there was a custom not to charge each other existing among physicians, universally accepted and sustained and binding.

(3). Because the court charged, in effect, that the last item would determine the *status* of the account as to the statute of limitations.

The motion was overruled, and defendant excepted.

SYMMES & ATKINSON ;  IRA E. SMITH, for plaintiff in error.

GOODYEAR & HARRIS, for defendant.  ·

JACKSON, Chief Justice.

This suit was brought by Blain against Madden for the collection of a medical account.  It was defended on the ground of accord and satisfaction, of the custom of physicians not to charge each other, of the statute of limitations in respect to the first three items of the account, of set-off, and of improper charge of one item for services rendered to the mother-in-law of the defendant.

The jury found for the plaintiff, after allowing certain parts of the defendant's set-off, and on refusal to grant a new trial, the defendant excepted.

1. The accord and satisfaction grew out of a submission to arbitrators and their award.  It was in controversy whether these medical bills were included in the submission and passed upon and settled by the parties afterwards.  The court made it all turn on whether or not the submission included the medical accounts.  We cannot see that the judge erred in submitting that issue, and as there was testimony on each side, the verdict must stand so far as this point is concerned.

2. There is nothing in the plea of custom of physicians under the facts here.  Dr. Madden, the defendant, had been a physician, but had retired from practice, and the custom was not established under the rule laid down in our Code, section 1, par. 4, which requires that it must be proven to be so universal in practice as to justify the conclusion that it became part of the contract.  This seems to have been a sort of courtesy among physicians and not of universal observance, or extending to all cases, so far as the evidence in this record establishes it.

3. The account was running and was mutual—a set-off

being pleaded.   In such cases, if not in all, the act of limitation will not bar it until the last item is barred—58 *Ga.*, 190; 41 *Ga.*, 44.—There was in this case no rests—no settlements of the mutual accounts so as to make new points of departure for the statute to begin to run, as was the case in 58 *Ga.*, 190.

The set-off was in part allowed and in part rejected by the jury; they passed upon it fairly, certainly for the defendant, under the charge, and the verdict must stand in regard to this point. .

4. We do not think, however, that the verdict is right on the item charging the defendant with the service rendered by the plaintiff to the mother-in-law of the former. There is no evidence that the defendant employed plaintiff, or acquiesced in his employment so as to be bound on the principle of implied employment of him. He was called in by the regular physician for consultation and assistance; that physician was paid out of her, the mother-in-law's, estate, which was enough to pay her debts; this item was barred by the statute of limitations, and was in no sense a proper part of the running account, and if lost by the plaintiff, it was lost by his laches in not collecting it out of that estate, which was bound to pay it as of very high dignity, being last illness. That a son-in-law is present at the bed-side of his wife's mother, and rendering such service as he can render, and has knowledge of the physicians who attend her, and says nothing, is not sufficient to show an implied promise to foot the physician's bill. We cannot raise an implied assumpsit to pay, especially where the estate of the dying mother-in-law is ample to pay the debt. Unless, therefore, the plaintiff will write off this item of seventy-five dollars, from the verdict of one hundred and fifty-one dollars, the judgment must be reversed and a new trial be had ; if written off, it is affirmed, but at the costs of the defendant in error, so far as incurred in this court, in either event.