## FORD *vs.* CLARK, administrator.

1. A joint suit upon an account made by a firm was not saved from the bar of the statute of limitations by the individual acknowledgment in writing of one of the partners and his promise to pay. This was a different and new cause of action from the account sued on and was against a new and distinct party, and an amendment setting it forth was not germane to the original suit, and was properly stricken.
2. In cases of mutual accounts, which may be pleaded by way of set-off, if one of the parties should sue the other, the bar of the statute of limitations does not generally attach, unless the last item in the account is barred; *aliter*, where there is no mutual account, but a mere credit of a payment made on an account held by one party.
3. There being no evidence in this case to take any of the items of account out of the bar of the statute of limitations, there was no error in granting a non-suit.

   April 8, 1884.

Statute of Limitations. Partnership. Debtor and Creditor. Open Accounts. Before Judge FAIN. Catoosa Superior Court. August Term, 1883.

Reported in the decision.

W. K. MOORE, for plaintiff in error.

R. J. McCAMY; McCUTCHEN & SHUMATE, for defendant.

HALL, Justice.

On the 29th day of December, 1873, the plaintiff commenced a suit upon an open account against John D. Gray,

Allen Kennedy and Charles Chamberlain. Gray and Kennedy were duly served, but Chamberlain resided out of the state, and was not served with the writ. Kennedy pleaded that he was not a partner with Gray and Chamberlain, and the issue on this plea was found in his favor. The items for which this suit was brought consisted of cash advanced by plaintiff to John D. Gray & Co., on the 5th of August, 1869, which amounted in the aggregate to $3,100; of this amount the defendants, about the middle of August, 1869, paid $600, leaving still due the plaintiff $2,500; they failed to pay the balance, as promised, at the latter date, when Gray gave the plaintiff's agent his individual memorandum in writing, by which he acknowledged the receipt of $2,500 and promised to account to him for it. This cause of action was barred on its face by the statute of limitations at the commencement of the suit. The plaintiff sought to relieve it of the bar by amendments to the suit, made on the 5th of August, 1874, and in January, 1883, the first of which set forth that, on the 5th of August, 1869, the defendants received of plaintiff $3,100, and that thereafter, on the 10th day of August, 1869, they gave him an acknowledgment of that fact, and promised to pay the amount when called on; that this acknowledgment was lost, but the amount claimed was still due and owing. The last amendment varied the first by showing that the memorandum relied on was made and signed by John D. Gray individually, and that he gave his individual promise to pay this item. Upon demurrer by the defendant to these amendments, they were disallowed by the court and ordered stricken. There were several other items in the account originally sued on, amounting to some $206, which did not appear to be barred by the statute of limitations, as claimed by the plaintiff. On the trial, at August term, 1883, of Catoosa superior court, upon the close of plaintiff's evidence, a non-suit as to these was moved and sustained by the court. To each of these rulings the plaintiff excepted, and assigns the same as error.

1. A joint suit upon an account made by Gray & Co. was not saved from the bar of the statute by the individual acknowledgment in writing by John D. Gray and his promise to pay. This latter was a different and new cause of action from the account sued on, and was against a new and distinct party; the amendment was not germane to the matter of the original suit, and there was no error in striking it. Code, §3480, and citations thereunder; 62 *Ga.*, 43; 64 *Id.*, 221.

2. Neither did the credits given in the account show such mutual dealings between the parties as to remove the bar of the statute of limitations. In the cases cited by plaintiff, there were mutual accounts which might have been pleaded as sets-off, had one of the parties sued the other. 41 *Ga.*, 44; 58 *Id.*, 190; 66 *Id.*, 49. In such cases, generally the act of limitations will not bar, unless the last item in the account was barred.

3. There was no evidence to take any of the items in this case out of the bar of the statute, and the court did not err in awarding the non-suit. There was nothing which could have justified a finding in favor of the plaintiff as to any of these charges. 15 *Ga.*, 491; 65 *Id.*, 309; *Cook vs. W. & A. Railroad*, 79 Ga. 619.

Judgment affirmed.