THE CENTRAL RAILROAD & BANKING CO. *v.* OGLETREE.

*Simmons, C. J.*—Under the facts appearing in the record, there was no error in refusing to "excuse" the juror alleged to be disqualified; there was no substantial error, if any at all, in admitting or ruling out evidence; the requests to charge were, in view of the evidence and of the entire charge given, sufficiently covered, and the verdict was warranted by the evidence. None of the grounds of the motion for a new trial are of sufficient novelty or importance to render it necessary to formulate distinctly the legal principles involved. There was no abuse of discretion in denying a new trial.

July 29, 1895. By two Justices.          *Judgment affirmed.*

Action for damages. Before Judge Hardeman. Bibb superior court. November term, 1894.

The suit was for personal injuries sustained by plaintiff by the derailing of a car in which she was a passenger, when the train was running at a high rate of speed over a defective portion of defendant's track, of which defendant had previously been put on notice and had neglected to repair the track. She obtained a verdict, and defendant's

motion for a new trial was overruled. The only ground of the motion that need be here stated is, that the court erred in refusing to excuse a juror who had been chosen as one of the jury trying the case, on the following showing: After the trial began there was an adjournment to the next day, during which adjournment this juror had informed defendant's counsel and the court that he had been a member of the jury who tried the case of one Phinazee against the same defendant, growing out of the same accident and involving the same circumstances of negligence as were alleged against defendant here. The sole counsel for defendant in the Phinazee case was dead, and the present counsel did not before know of the fact disclosed by the juror; and at the first opportunity, before the close of the testimony of the first witness, called the court's attention to the matter and asked that the juror be excused as disqualified. The court held the juror not disqualified, but if so, that counsel had waived the disqualification by failure to object to him sooner, the names of the jury in the Phinazee case being on the minutes of the court.

*Steed & Wimberly* and *John R. Cooper*, for plaintiff in error. *H. V. Washington* and *Hardeman, Davis & Turner*, contra.