### 3839. YOUMANS et al. v. MOORE.

HILL, C. J. 1. In mutual running accounts, where there has been no accounting or liquidation of the indebtedness, or other like act, by which a new point was established from which the statute could begin to run, none of the accounts would be barred until the last item charged is barred. *Madden* v. *Blain*, 66 *Ga.* 52; *Gunn* v. *Gunn*, 74 *Ga.* 568 (58 Am. Rep. 447); *Walker* v. *Mercer*, 41 *Ga.* 44. In the absence of direction, creditors have the right to apply payments to the oldest item of indebtedness, so as to avoid the bar of the statute of limitations. *Hobbs* v. *Crawford*, 4 *Ga. App.* 585 (62 S. E. 157).

2. In a civil case it is improper and misleading to instruct the jury that the burden of proof is on the party asserting a fact, to carry the burden to a "moral certainty." The burden is successfully carried when the facts asserted are established by a preponderance of the evidence, to the satisfaction of the jury. Civil Code (1910), §§ 5730, 5731; *Supreme Conclave* v. *Wood*, 120 *Ga.* 338 (47 S. E. 940). Where the material issues are close, under the evidence, such erroneous instruction requires a new trial.

3. "The debt of a firm is the debt of each of its members." Therefore, where a firm is sued on a note made by it, and each individual member of the firm is served, the right of set-off would exist in favor of the individual members for indebtedness due by the plaintiff to them, as well as for indebtedness due by the plaintiff to the firm.

4. Grounds of error not covered by the brief or the argument of counsel for the plaintiff in error will be treated as abandoned. The general statement in the brief that grounds not referred to or argued are nevertheless not abandoned will not be sufficient to change the rule above announced. Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit.          *Judgment reversed.*

DECIDED APRIL 16, 1912.

Complaint; from city court of Swainsboro—Judge H. R. Daniel. September 30, 1911.

*Williams & Bradley,* for plaintiffs in error.

*Smith & Kirkland,* contra.