5970. WHITE SEWING MACHINE COMPANY v. HORKAN.

RUSSELL, C. J. 1. While the subpœnas duces tecum may have been admissible for the purpose stated in the motion for a new trial, it does not appear that their relevancy for this purpose was made to appear to the court at the time they were offered and were rejected as irrelevant, or that the purpose for which they were tendered (to wit, as a foundation for secondary evidence) was defeated by the failure of the court to allow them to be introduced.

2. The testimony of the defendant as to what authority he had given his alleged deceased agent or business manager, and as to what interest he had in a particular business conducted by the deceased, was not subject to the objection that it was incompetent as being a transaction between the witness and a deceased person, or for any of the other reasons given.

3. Where one introduces in evidence a plea purporting to have been filed by the opposite party in a matter entirely disconnected from the case on trial, it is not error for the court to allow the latter to testify that he did not file it, and to explain the circumstances under which it was filed by another party.

4. The discretion of a trial judge in allowing a leading question to be asked a witness will not be interfered with when not abused. The question objected to in the present case, if erroneously allowed, was harmless to the complaining party.

5. It was not error to allow a witness to testify that a deceased party was acting as agent for his wife in and about a certain business, and that he, the witness, in making final settlement of his account, turned over a deed and property to the deceased as agent for his wife. The contents of the deed were not inquired into.

6. The sixth ground of the amendment to the motion for new trial is not sufficiently explicit to form the basis of a proper exception. Even if it were, the question asked the witness and what was stated to be the expected response would not, without more, have been relevant, since it did not appear from whom was obtained the information upon which the report was based, or that the plaintiff ever saw such report or acted thereon.

7. The seventh ground of the amendment to the motion for a new trial is not argued in the brief for the plaintiff in error, and therefore will be treated as abandoned.

8. Under the ruling in *Central Railroad & Banking Co.* v. *Ogletree*, 97 Ga. 325 (22 S. E. 953), the court did not err in refusing to order a mistrial because a member of the jury trying the case had previously sat as a juror in a case involving the question whether the defendant had been a member of a certain alleged partnership, which was one of the issues in the instant case. The exercise of due diligence would have required the plaintiff in error to examine the list of the jury which tried the former case before accepting the juror who was disqualified.

9. The court did not err in failing to give the numerous instructions requested. Many of them were simply requests that certain code sec-

tions, the numbers of which only were given, be given in charge: one that the second and third paragraphs from the decision of this court when this case was previously before the court (*White Sewing Machine Co.* v. *Horkan, 7 Ga. App.* 283 66 S. E. 811), and which were mere arguments tending to show the incorrectness of the lower court's ruling in granting a nonsuit, be given; and the remaining ones, so far as pertinent, were covered by the general instructions as delivered.

10. When this case was previously before this court upon exception to a judgment of nonsuit, it was held the case should have been submitted to a jury. The case has been so submitted, and the issues have been passed upon by the jury. The trial was fair and free from material error; the charge of the court was full and correct exposition of the law; and there was no error in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED SEPTEMBER 10, 1915.

Complaint; from Colquitt superior court—Judge Thomas. July 27, 1914.

*James Humphreys, Hendricks & Hendricks,* for plaintiff.
*Shipp & Kline,* for defendant.