*Glessner & Park,* contra.

---

### 7396. MUSE *v.* HALL, executor.

BROYLES, J. 1. The exception to the overruling of the demurrer to the mortgage-foreclosure proceeding can not be considered, as there was no exception pendente lite, and the bill of exceptions was not certified within thirty days from the date of the judgment complained of.

2. A refusal to direct a verdict is never error.

3. The exceptions to the overruling of the demurrer and to the refusal of the court to direct a verdict for the defendant are the only exceptions argued in the brief of counsel for plaintiff in error, and therefore the other grounds of error are treated as abandoned. The general statement in the brief that "plaintiff in error contends for every error set out in the whole proceedings as sent up and earnestly asks for a ruling on the same" is not sufficient to change this rule. As was said by this court in *Youmans* v. *Moore,* 11 *Ga. App.* 66 (4) (74 S. E. 710): "Grounds of error not covered by the brief or the argument of counsel for the plaintiff in error will be treated as abandoned. The general statement in the brief that grounds not referred to or argued are nevertheless not abandoned will not be sufficient to change the rule above announced. Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit."

4. There is evidence to support the finding of the jury, and the court did not err in overruling the motion for a new trial. *Judgment affirmed.*

DECIDED OCTOBER 4, 1916.

Appeal; from Gordon superior court—Judge Fite. March 27, 1916.

*George A. Coffee,* for plaintiff in error.

*J. G. B. Erwin Jr., F. A. Cantrell,* contra.