### 8120.  ROUNSAVILLE v. CAMP.
</div>

WADE, C. J.  1.  There is nothing in the record to authorize a holding that the verdict was so excessive as to justify the inference of gross mistake or undue bias.

2.  There is no substantial merit in the second ground of the amendment to the motion for a new trial, in which instructions to the jury as to damages for the alleged assault and battery are complained of.  The expression "other damages" could not have misled the jury; and there was no request for any fuller or more precise instructions.

3.  The prosecution of the defendant for the offense of assault and battery, and the resulting fine against him, were not pleaded as a defense to this suit, or in mitigation of damages; and, no request for a charge on this line having been made, there is no merit in the 3d ground of the amendment to the motion for a new trial, in which it is contended that the court erred in failing to charge that such conviction and punishment could be considered by the jury, either as a complete defense or in mitigation of damages.

4.  "Grounds of error not covered by the brief or the argument of counsel for the plaintiff in error will be treated as abandoned.  The general

statement in the brief that grounds not referred to or argued are nevertheless not abandoned will not be sufficient to change the rule above announced. Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit." *Youmans* v. *Moore*, 11 *Ga. App.* 66 (74 S. E. 710). See also *White Sewing Machine Co.* v. *Horkan*, 17 *Ga. App.* 48 (7) (86 S. E. 257); *Muse* v. *Hall*, 18 *Ga. App.* 651 (90 S. E. 222); *Jefferson* v. *City of Perry*, 18 *Ga. App.* 690 (90 S. E. 366); *James* v. *Boyett*, 19 *Ga. App.* 157 (91 S. E. 219). In the brief of counsel for the plaintiff in error in this case the only reference to certain grounds of the motion for a new trial is as follows: "We insist upon the 4th, 5th, and 6th grounds of the amended motion for a new trial, upon each and all of the grounds therein stated." Such a statement does not amount to an argument in support of the grounds referred to, and affords no assistance to the court in considering them, and the failure to say anything further in regard to them amounts to an abandonment thereof.

*Judgment affirmed. George and Luke, JJ., concur.*
DECIDED FEBRUARY 16, 1917.

Action for damages, from Floyd superior court—Judge Wright. October 9, 1915.

C. W. Camp sued R. B. Rounsaville for $5,000 damages on account of an assault and battery, and obtained a verdict for $1,000. According to the plaintiff's testimony, the defendant struck him in the face with brass knucks and knocked him down, kicked him, and stamped upon him; his lungs were stamped on, and this caused him to spit blood; the blow in the face broke his cheek bone and his nose, knocked loose his teeth on one side of the face, and injured his eye, and he had to have the broken places sewed up, and at the time of the trial he continued to suffer pain from these injuries, his eyesight was impaired, and marks of the stamping and kicking remained on his body; he was sent to a hospital and for two or three days was unable to work, and for about a month was not able to do his work as he had done it before. The defendant admitted that he knocked the plaintiff down with a blow of his fist, but denied that he used brass knucks or struck the plaintiff with his foot. He pleaded justification, and testified that the cause of the striking was a remark of the plaintiff, made to him immediately before he struck, that the plaintiff had letters to prove that he "acted the low-down dirty scoundrel" with the plaintiff. The plaintiff denied that he made such a remark.

In the defendant's motion for a new trial, the refusal of which

22

was assigned as error, the verdict was complained of as unsupported by evidence and as excessive, and it was alleged that the court erred in charging the jury as follows: "If Mr. Rounsaville did assault the plaintiff without justification, as the plaintiff alleges in his petition, and if the plaintiff suffered the injuries, or any part of them, as alleged in his petition, and was damaged thereby, I charge you that you would be authorized to compensate him in damages for whatever injury you think he sustained, for whatever you believe his damages to have been. . You will take into consideration his loss of time, his inability to work, and his permanent impairment, if there is any. He further says that he underwent and still undergoes great physical pain and suffering on account of this injury; so if you find it was an unjustifiable assault upon him, and that this unjustifiable assault caused physical pain and suffering to him, I charge you that you would be authorized to compensate him in damages for that; and the only way to get at damages for pain and suffering is simply to give him such sum as you may think, as enlightened jurors, would compensate him for his suffering. I can give you no other rule by which to arrive at that sort of damages. The other damages he suffered, if he suffered any, you may compute by any arithmetical method with which you may be familiar, in order to determine what his actual damages are." It was contended that these instructions incorrectly stated the measure of damages; that the jury were thereby instructed in effect that they might find damages to compensate the plaintiff for his injury, and additional damages for pain and suffering, and in addition thereto "other damages," if he suffered any, and that they might compute these "other damages" by any arithmetical method with which they might be familiar, to determine what his actual damages were; whereas, in a case of this kind, a plaintiff can recover only under the general rule of damages, and in finding such damages the jury may take into consideration, in a proper case, the plaintiff's pain and suffering, loss of time, inability to work, and permanent injury, if any has been suffered; that these instructions tended to confuse the jury and to lead them to believe that in addition to general damages, they could find both compensatory damages and damages for pain and suffering. It is not necessary to add to what is said in the decision

(paragraphs 3 and 4) as to other grounds of the motion for a new trial.

*Maddox & Doyal,* for plaintiff in error.

*Eubanks & Mebane,* contra.