### 8482. MILLS *v.* THE STATE.

1. Assignments of error not argued in the brief of counsel for the plaintiff in error will be treated as abandoned. A statement in the brief of counsel that the plaintiff in error "insists on each and every ground" of the motion for a new trial does not amount to an argument.

2. On the trial of one charged with selling intoxicating liquor, testimony that a person who went to the defendant's house and asked for whisky got from him two drinks of whisky and the remaining contents of the bottle from which it was taken, and left sixty cents on a table in the room with the defendant and went away, was sufficient to authorize a conviction, although the defendant had declined to accept pay for the whisky, and the witness could not say whether the defendant took the money or knew that it was left on the table.

DECIDED MARCH 23, 1917.

Accusation of sale of liquor; from city court of Nashville—Judge Christian. January 20, 1917.

*J. D. Lovett,* for plaintiff in error.

WADE, C. J. 1. The grounds of the motion for a new trial other than the general grounds were not argued in the brief of counsel for plaintiff in error, and therefore are treated as abandoned. *Youmans* v. *Moore,* 11 *Ga. App.* 66 (74 S. E. 710) ; *Muse* v. *Hall,* 18 *Ga. App.* 651 (90 S. E. 222) ; *James* v. *Boyett,* 19 *Ga. App.* 157 (91 S. E. 219). The statement in the brief of counsel that "plaintiff.in error insists on each and every ground of his original motion for new trial, also each and every ground of the amended motion," does not amount to an argument. See *Rounsaville* v. *Camp,* 19 *Ga. App.* 336 (91 S. E. 446).

2. "Upon the trial of one for selling intoxicating liquor, testimony that the person to whom the liquor is alleged to have been sold went to the home of the accused and got a pint of whisky 'from him and his wife,' and thereupon laid seventy-five cents on the table in the room and went away, is sufficient to authorize a conviction." *Greer* v. *State,* 13 *Ga. App.* 686 (79 S. E. 746). In this case the witness for the State testified: that he went to the house of the defendant and asked him for whisky, that the defendant had a bottle of whisky and. let the witness have two drinks from it, and the witness carried away the remainder of the whisky in the bottle;. that the defendant declined to accept pay for it, and the witness thereupon took 60 cents from his pocket and placed it on the table in the defendant's room, and then left the house; that he only knew he left the money on the table, and he could not say whether the defendant took it or knew that it was left on the table. The evidence of the defendant's guilt was weak, but the jury were authorized to infer that he had knowledge of the deposit of the money, which was made in his presence, and they might reasonably infer that a sale was effected, and this court therefore can not hold that the trial judge abused his discretion in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*