8887.   HARDEN *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

WADE, C. J.   1. Whether or not declarations claimed to be a part of the res gestæ are really such is ordinarily a question of law for determination by the court, and in this case the court correctly held the evidence admissible as part of the res gestæ. Since the only matter which was within the province of the jury was the weight to be given the evidence, the instruction, "You are to determine whether or not it is a declaration accompanying an act, or so nearly connected therewith in time as to be free from suspicion of device or afterthought," may possibly have been erroneous in this case, under the ruling in *Southern Railway Co.* v. *Brown*, 126 *Ga.* 1, 7 (54 S. E. 911). See also *Southern Railway Co.* v. *Williams*, 19 *Ga. App.* 544 (6) (91 S. E. 1002). However, this instruction furnishes no sufficient ground for reversal, since the statement of the plaintiff, which was thus admitted by the court as part of the res gestæ, did not itself designate or definitely describe the particular man who shot him and "stamped on his fingers," nor did the testimony of the plaintiff or of any witness in his behalf, at the trial, designate or describe the particular one of the three defendants (sued jointly with the railway company) as the person who inflicted this injury upon him, and it would be impossible from the res gestæ statement admitted, coupled with all the other testimony, to determine whether the conductor, the flagman, or the brakeman was the person liable in damages with the railway company for such injuries.

2. Ground 2 of the amendment to the motion for a new trial complains that the court erred in refusing, after the conclusion of defendant's testimony, to permit the plaintiff to recall the witness Keener for further examination. Denying this request, the court addressed counsel as follows: "If your purpose is cross-examination, I do not think he can be recalled. Of course if you want to lay grounds for impeachment, he can be. I am not going to let him go back except under those circumstances." Counsel thereupon stated that he expected "to prove by this witness that he was employed by the Central of Georgia Rail-

way Company as a conductor on its Tybee division, and that, as such, he got into an altercation with a passenger on that train during the year 1911, and that he threw the passenger down; that in doing so he injured a lady, and the lady instituted suit in this court to recover damages, and that he testified, declaring that he was not the man who had done it, and had not got into an altercation. I wish to introduce that testimony for the purpose of showing general character, together with the record in the case." Counsel failing to declare that it was his intention to "lay grounds for impeachment" of the witness Keener, the court did not err in refusing to allow the witness to be recalled and subjected to further examination.

3. "Grounds of error not covered by the brief or the argument of counsel for the plaintiff in error will be treated as abandoned. The general statement in the brief that grounds not referred to or argued are nevertheless not abandoned will not be sufficient to change the rule above announced. Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit." *Youmans* v. *Moore*, 11 *Ga. App.* 66 (74 S. E. 710). See also *White Sewing Machine Co.* v. *Horkan*, 17 *Ga. App.* 48 (7) (86 S. E. 257); *Muse* v. *Hall*, 18 *Ga. App.* 690 (90 S. E. 366); *James* v. *Boyett*, 19 *Ga. App.* 157 (91 S. E. 219). In the brief of counsel for the plaintiff in error in this case the only reference to one of the grounds of the motion for a new trial is as follows: "The third ground of the motion, we submit, is well taken." Such a statement does not amount to an argument in support of the ground referred to, and affords no assistance to the court in considering it, and the failure to say anything further in regard to that ground amounts to an abandonment thereof. *Rounsaville* v. *Camp*, 19 *Ga. App.* 336 (4) (91 S. E. 446).

4. There was evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED NOVEMBER 2, 1917.

Action for damages; from city court of Savannah—Judge Davis Freeman. March 29, 1917. (See 18 *Ga. App.* 392.)

*Osborne, Lawrence & Abrahams,* for plaintiff.

*Lawton & Cunningham, H. W. Johnson,* for defendant.