### 10191. BURGAN *et al. v.* THE STATE.

BLOODWORTH, J. A petition headed "State of Georgia, Whitfield County," directed "To the Superior Court of said county," and regularly filed in the office of the clerk of that court, which contained the following paragraph: "The above-described car is the property of Tom Burgan, of Catoosa county, Georgia, and was being used by him, and by others with his knowledge and consent, in the transporting of intoxicating liquors over and through the public highways of said county, in violation of law," was properly amended by inserting after the word "county," in the latter part of the paragraph, the words "of Whitfield." *Perry* v. *Mulligan,* 58 *Ga.* 479 (3); *Hall* v. *Mobley,* 13 *Ga.* 318; *Cowart* v. *Young,* 74 *Ga.* 694 (3); *Murphy* v. *Peabody,* 63 *Ga.* 522. In the last

named case Judge Bleckley said in the opinion (p. 524), "The rule of amendment is as broad as the doctrine of universal salvation."

2. The constitutional question sought to be made by the demurrer of Tom Burgan, not having been argued in the brief of counsel for the plaintiffs in error, will be treated as abandoned.

3. After the petition was amended as shown above, it was proper for the court to strike a demurrer previously filed by Tom Burgan, alleging that the jurisdiction of the case "is in the superior court of Catoosa county, Georgia, the allegation of the petition being that said car was seized while being used in transporting intoxicating liquors over the highways of Catoosa county."

(a)    The special plea to the jurisdiction was also properly stricken, after the petition was so amended.

4. The court did not err in striking the intervention of D. H. Burgan.

5. The statement in the brief of counsel for the plaintiffs in error, "We think this court will agree with us that the evidence fails to make out a case, and that the judge should not have directed a verdict in favor of the State," affords no assistance to the court in considering the ruling complained of, and does not amount to an argument, and the failure to say anything further in regard to the alleged error amounts to an abandonment of this point. *Rounsaville* v. *Camp*, 19 *Ga. App.* 336 (4) (91 S. E. 446); *Muse* v. *Hall*, 18 *Ga. App.* 651 (3) (90 S. E. 222); *Moss* v. *Bohanon*, 111 *Ga.* 871 (36 S. E. 954).

6. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*

DECIDED JUNE 13, 1919.

Condemnation of vehicle conveying liquor; from Whitfield superior court—Judge Tarver.    October 8, 1918.

*M. L. Harris, W. E. Mann, W. Gordon Mann,* for plaintiffs in error.

*J. M. Lang, solicitor-general,* contra.