## 11734.    BOSTICK v. THE STATE.

1. The rule that exceptions not argued in the excepting party's brief in this court will not be considered applies to exceptions to the overruling of a demurrer as to which nothing further appears in the brief than that he filed a demurrer on grounds stated.

2. On the trial of one charged with having had possession of intoxicating liquor, where a witness for the prosecution testified to the purchase of such liquor from the defendant, it was not error to refuse to · allow the witness to give, on cross-examination, the names of other persons from whom the witness had bought whisky.

DECIDED NOVEMBER 9, 1920.

Indictment for possession of liquor; from Jefferson superior court — Judge Hardeman. June 28, 1920.

John R. Cooper, W. O. Cooper Jr., for plaintiff in error.

Walter F. Grey, solicitor-general, contra.

BLOODWORTH, J.  1.  In the brief of counsel for plaintiff in error is the following: "When the case was called for trial by

Hon. R. W. Hardeman, judge presiding, the defendant, before arraignment and before plea, pleaded to said indictment, filed a special demurrer to the said indictment on several grounds, all of which are set forth in said written demurrer, and especially upon the ground that the said superior court of Jefferson county had no jurisdiction to try this case, but that jurisdiction was laid in the Federal court since the passage of the national prohibition law by the United States Congress, which demurrer was filed in the office of the clerk of said court and is of record in said case." The brief contains no further reference to the demurrer. In *Youmans* v. *Moore,* 11 *Ga. App.* 66 (4) (74 S. E. 710), it is held that "Grounds of error not covered by the brief or the argument of counsel for the plaintiff in error will be treated as abandoned. The general statement in the brief that grounds not referred to or argued are nevertheless not abandoned will not be sufficient to change the rule above announced. Courts of review have the right to expect assistance from counsel by citation of authority or argument, and will be apt to accept the inference that the lack of interest by counsel is due to a conviction of the lack of merit." See also *Muse* v. *Hall,* 18 *Ga. App.* 651 (3) (90 S. E. 222); *Rounsaville* v. *Camp,* 19 *Ga. App.* 336 (4) (91 S. E. 446), and cit. The above quotation from the brief of counsel for plaintiff in error is merely a statement of facts, and does not amount to an argument in support of the grounds of the demurrer, and affords no assistance to the court in considering them, and the failure to say anything more in reference thereto amounts to an abandonment of the demurrer.

2. The court did not err in refusing to allow a witness for the State, on cross-examination, to give the names of persons other than defendant, from whom the witness had purchased whisky.

3. The excerpts from the charge of which complaint is made contain no reversible error.

4. There is ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*