23831. TERRY *v.* THE STATE.

DECIDED JULY 12, 1934.

*Troy G. Morrow, Jared J. Bull,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.

MACINTYRE, J. The indictment in this case charges G. B. Terry with committing the offense of assault with intent to murder by shooting at Claude Dupree "with a certain pistol, the same being a weapon likely to produce death." A jury found the defendant guilty of the crime charged, the defendant's motion for a new trial was overruled, and the defendant excepted.

Claude Dupree testified in substance that, at a time when he had no weapon and was attempting to escape in a wagon from the defendant and others who were after him, the defendant, who was about five feet from him, shot at him six times with a pistol and hit him on the wrist once, and that he "was laid up two weeks from the wound." Robert Hartage testified in substance that he saw the defendant "after Clyde Dupree," saw the defendant shoot Dupree with a pistol, saw the pistol, and heard five pistol shots. The defendant introduced no testimony, but made the following statement to the jury: "I don't know anything about this trouble. I was in the gang with the boys following the wagon."

Unquestionably the jury was warranted in concluding from the evidence in this case that the defendant shot at Dupree with a deadly weapon with intent to kill him; and we hold that there is no merit in the general grounds of the motion for a new trial.

The first six grounds of the amendment to the motion for a new trial (with the exception of subdivision 4 of the sixth ground) present questions covered by the general grounds.

In the absence of any showing that the movant made a motion for a continuance, or that he even apprised the trial judge of his contention that his counsel "did not have time to prepare the case or consult the defendant," subdivision 4 of ground 6 discloses no cause for granting a new trial.

The seventh ground avers that, "unknown to movant's attorney of record," certain jurors who passed upon the defendant's case had sat upon a jury which had just convicted three of the defendant's associates of a misdemeanor arising out of the same transaction involved in the defendant's case. The ground avers that said jurors "were disqualified, and the judge should have had them, whether [on] motion or not, struck from the jury list." The exercise of due diligence would have required the plaintiff in error or his counsel to examine the list of the jury which tried the former case before accepting the jurors alleged to have been disqualified; and, it not appearing that this was done, the ground under consideration discloses no reversible error. *White Machine Co.* v. *Horkan*, 17 *Ga. App.* 48 (8) (86 S. E. 257); *Central Railroad &c. Co.* v. *Ogletree*, 97 *Ga.* 325 (22 S. E. 953).

The eighth and last ground, which is based upon "newly discovered evidence," is insufficient to require a new trial for several

reasons. In the first place, the ground is insufficient because the affidavit of movant and his counsel as to diligence merely avers the conclusion that they "did not know the evidence before the trial of the case, and that same could not have been discovered by the exercise of ordinary diligence." *Taylor* v. *State,* 132 *Ga.* 235, 237 (63 S. E. 1116); *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 711 (2) (145 S. E. 486). Again, no affidavit names any associates of the witnesses proposing to furnish the new evidence. Civil Code (1910), § 6086; *Young* v. *State,* 56 *Ga.* 403 (4); *Trammell* v. *Shirley,* supra; *Hutchins* v. *State,* 70 *Ga.* 724 (4); *Smith* v. *State,* 168 *Ga.* 611, 612 (*c*) (148 S. E. 531). Finally, the purport of the new evidence was that the defendant was not present when Dupree was shot and did not shoot at him, and, in view of the positive testimony of eye-witnesses that the defendant shot Dupree, and the defendant's statement that he "was in the gang with the boys following the wagon," we do not think it at all probable that the new evidence would produce a different result upon another trial of the case. *Young* v. *State,* supra; *Burge* v. *State,* 133 *Ga.* 431 (2) (66 S. E. 243); *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838); *Brown* v. *State,* 141 *Ga.* 783, 786 (82 S. E. 238).

In conclusion, we hold that the evidence supports the verdict, and that the judge did not commit reversible error for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*