## No. 13,674.

Seventh Day Adventist Association et al. *v.* Underwood.

(60 P. [2d] 929)

Decided July 20, 1936. Rehearing denied September 21, 1936.

Mr. Joseph J. Walsh, Mr. Donald F. Clifford, Mr. Joseph J. Cella, Jr., for plaintiffs in error.

Messrs. Langdon & Barbrick, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

In an action to recover real property, defendant in error prevailed before a jury and had judgment against plaintiff in error the Seventh Day Adventist Association. The other plaintiffs in error were only nominal defendants at trial and are without interest here. It is claimed, (1) that the evidence did not warrant the judgment, and (2) that error obtained in relation to the qualifications of certain of the jurors chosen to try the case.

It appears that October 13, 1932, one Myrtle Boden died intestate, leaving defendant in error as her sole heir; that in the latter part of 1929, the deceased signed and acknowledged two deeds (in each instance called a "Gift Deed") purporting to convey to the adventist association certain parcels of real estate, one in El Paso county, the other in Pueblo county. Both instruments were recorded October 21, 1932.

Defendant in error alleged that when the deeds were executed, her mother was so insane and distracted in her mind that she was incompetent to execute, acknowledge or deliver said conveyances; and that there had not been delivery. There was denial. The jury found generally for defendant in error, and specifically that at the time of the execution of the deeds Myrtle Boden was not of sufficiently sound mind to "understand the effect and consequences of her act in so doing."

1. The witnesses, professional and lay—none challenged as to qualifications or respectability—examined in behalf of the opposing interests, were in disagreement as to the mental capacity of Mrs. Boden. The jury, guided by a charge to which plaintiffs in error did not object, and aided by argument of counsel, weighed the conflicting views of the witnesses with the result already indicated. On motions made before the case was submitted to the jury, and on a motion for a new trial inter-

posed after the verdict, the trial court ruled adversely to the contention that the verdict did not have sufficient evidentiary support. We are unable to conclude otherwise.

2. The contention that the circumstances attending the selection of certain of the jurors chosen to try the issues operated to prevent a fair trial, grows out of the following: This action and one entitled Joseph F. Underwood v. The Neighbors of Woodcraft and L. F. Bloomfield, were filed simultaneously. Underwood is the husband of defendant in error here. Both were represented at trial by counsel appearing for her in this review. Counsel representing plaintiffs in error were their attorneys in the trial court, but they did not appear in the Joseph F. Underwood action. In both cases the question of the mental capacity of Mrs. Boden was of controlling importance, but as of different periods, there, 1932, here, 1929; and there, as here, the verdict was to the effect that she was lacking in the required mental attributes. The Joseph F. Underwood case trial was concluded November 9, 1933, and this one November 18, 1933, both to juries chosen from the same panel summoned for the term. There was identity as to three of the jurors serving in the two trials.

The matter was first mentioned in a supplemental motion for new trial filed out of time by leave of court, and which was supported by affidavits of plaintiffs in error and their counsel, to the effect that they did not have earlier knowledge of the service by the jurors in the other case. The extent of the showing as to diligence in examining the jurors, is that in answer to questions submitted by counsel for plaintiffs in error these particular jurors ''stated that they had not formed or expressed any opinion relating to the merits of said cause; that they knew nothing about the issues in said cause and that they could act as fair and impartial jurors.'' It does not appear from the showing that specific questions going to previous service of the jurors were asked, and by counter af-

fidavit it is stated that counsel for plaintiffs in error "made no inquiry of the prospective jurors which would have elicited from them or suggested to their minds any statement that they had sat upon the trial of the previous case." It also appears from the counter affidavit, and it is not denied, that defendant Bloomfield in the previously tried case was in constant attendance during that trial, and that in this case he likewise attended and "during the examination of said jury and the trial of said cause, * * * was present and in conference with * * * attorneys for defendants." Counsel for defendant in error frankly admitted that they knew the three jurors had served on the former trial, but say nothing occurred to lead them to believe opposing counsel did not have knowledge thereof. The court denied the motion without comment.

■ ■ We cannot think there was error. Considering the record immediately at hand, showing the names not only of those who had served during the term, but of the entire panel, the presence of Bloomfield, defendant in the first case and active consultant in this case, the failure to submit questions which would have developed at the inception the fact emphasized after verdict, the court may have doubted the lack of knowledge professed by plaintiffs in error. Besides, assuming they did not know that certain of the jurors chosen in this case had served in a case where a similar issue had been determined, the fact that there was no examination on the voir dire as to the cause of challenge now asserted, shows "lack of diligence on the part of the complaining party, which amounts to a *waiver.*" 1 Thompson on Trials (2d Ed.), §116. See, also, *Brown v. People,* 20 Colo. 161, 36 Pac. 1040; *White Sewing Machine Co. v. Horkan,* 17 Ga. App. 48, 86 S. E. 257; *Central Railroad & Banking Co. v. Ogletree,* 97 Ga. 325, 22 S. E. 953; *State v. Langford,* 74 S. C. 460, 55 S. E. 120. "Parties have the right to interrogate persons who are called to sit as jurors, for the purpose of ascertaining their qualifications before they are sworn, and if this is

not done the right to challenge is waived." *Turner v. Hahn,* 1 Colo. 23. See *Brooke v. People,* 23 Colo. 375, 48 Pac. 502; *Rice v. Dewberry* (Tex. Civ. App.), 93 S. W. 715; *Flannigan v. State,* 124 Neb. 748, 248 N. W. 92.

Let the judgment be affirmed.

MR. CHIEF JUSTICE CAMPBELL and MR. JUSTICE BUTLER concur.