## CHUNN v. THE STATE.

1. The offense of blackmail as set forth in the Penal Code, § 116, was sufficiently laid in an indictment which alleged that the defendant, with *intent to extort money* from a named person, did accuse him of a particular crime, and compel him to do certain acts against his will.

2. The charge of the court was not objectionable for any of the reasons assigned.

3. The evidence supported the verdict, and the discretion of the trial judge in refusing a new trial will not be disturbed.

Argued June 18,—Decided July 3, 1906.

Indictment for blackmail. Before Judge Felton. Houston superior court. April 27, 1906.

*John R. Cooper,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

ATKINSON, J. 1. The defendant was indicted for the offense of blackmail. It is alleged in the indictment that the defendant did "unlawfully verbally accuse M. Kunz with the crime of fornication and adultery with Mrs. Rosa Chunn, and did compel said M. Kunz against his will to undress and get into the bed of Mrs. Rosa Chunn, and did compel said M. Kunz against his will to draw a certain check on the Perry Loan & Savings Bank in favor of the said C. M. Chunn, and did compel said M. Kunz against his will to write a certain paper in which he agreed not to notify and not cause to be notified the Perry Loan & Savings Bank not to pay the check above described, all being done by the said C. M. Chunn and Mrs. Rosa Chunn with the intent to extort money from said M. Kunz." The defendant demurred to the indictment, upon the grounds: "1. Because the bill of indictment in said case does not charge any crime or offense under the laws of the State of Georgia. 2. Because the bill of indictment in said case does not set forth that the defendant extorted money or property or a thing of value from the prosecutor. 3. Because the bill of indictment in said case does not charge any offense under the laws of this State, in that it does not set up any deceitful means or overt act that the defendant did in order to extort money from the prosecutor, but it sets up facts in the case that do not make out any offense or crime against the defendant of the offense of blackmailing. 4. Because the bill of indictment charges facts that make a case of robbery by intimidation, and not the offense of blackmail. 5. Because the bill of indictment does

not describe with sufficient certainty the check and the paper so as to put the defendant on notice of the amount of the check and the contents of the certain paper.    6. Because the indictment does not charge that the defendant knew the accusation of fornication and adultery that he made against the said M. Kunz was false." The demurrer was overruled, and upon the trial of the defendant he was convicted.   He moved for a new trial, alleging that the court erred in overruling the demurrer upon each of the grounds stated, and alleging error in the charge of the court for certain reasons not necessary here to mention, and alleging that the verdict was contrary to evidence and without evidence to support it.   The motion for new trial was overruled, and the defendant excepted and assigns error upon the judgment of the court in overruling the demurrer and in overruling his motion for new trial.   The Penal Code, §116, provides, among other things, that "if any person shall, verbally, or by printing, or writing, accuse another of a crime or offense, or expose or publish any of his or her personal or business acts, infirmities, failings, or compel any person to do any act, or to refrain from doing any lawful act, against his will, with intent to extort money or other thing of value from any person, or if any person shall attempt or threaten to do any of the acts above enumerated, with the intent to extort money or other thing of value, such person shall be guilty of blackmail, and shall be punished as for a misdemeanor:  .   .   " It will be observed that the gravamen of the offense is the "intent to extort money or other thing of value."   In the indictment it is clearly alleged that the defendant did the several things which are therein specified, and that the same were done "with the intent to extort money from M. Kunz."   It therefore appears that the defendant was charged in the very language of the statute, which, under familiar rules of law, is all that is required.   It is contended that obtaining the check in the manner designated, if any offense, was that of robbery. Even if the facts made out a case of robbery, the same facts also constituted blackmail, because the statute quoted so prescribes. Special exception is taken to the indictment because of the failure to more specifically describe the check which was given; but that exception is without merit·   The allegation with reference to the check is merely descriptive of the manner by which it is claimed that the defendant manifested his intention to extort money, and being·

merely a matter of inducement, a more minute description was unnecessary. In as much as the indictment followed the statute, it is not necessary to discuss the remaining grounds of the demurrer.

2, 3. The charge of the court was not erroneous for any of the reasons assigned, and the evidence was sufficient to support the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*