### 677. WILLIAMS *v.* THE STATE.

Submitted October 7,—Decided October 14, 1907.

*J. H. Tipton, R. L. Tipton,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

---

### 678. WILLIAMS *v.* THE STATE.

1. Where every essential ingredient of the offense charged is set forth with sufficient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable.

2. The court judicially knows that the land lots in what was formerly Irwin county, then Worth, and now Turner county, contained four hundred and ninety acres of land. The words "two hundred and forty acres of land, second land district, lot of land No. 70," would not indicate in what portion of land lot No. 70 the premises lay. Consequently an objection to this evidence, as contained in the register of posted land, should have been sustained.

Accusation of misdemeanor, from city court of Ashburn—Judge Hawkins. May 27, 1907.

Submitted October 7,—Decided October 14, 1907.

*John B. Hutcheson,* for plaintiff in error.

*J. A. Comer, solicitor,* contra.

RUSSELL, J. The defendant was convicted of misdemeanor,— fishing with hook and line on land duly posted according to law, after he had been forbidden by the owners thereof. Before trial he demurred to the accusation and filed exceptions pendente lite to the order of the court overruling the demurrer. The overruling of the demurrer and the judgment refusing a new trial are the alleged errors presented for our consideration.

1. We think the demurrer was properly overruled. The accusation sets forth the offense charged with sufficient clearness for the defendant to be enabled to prepare his defense, and for the jury to clearly understand the charge against him.

2. We think that the court erred in admitting the register of posted lands for Turner county. The objection of the defendant's counsel, that the register failed to describe the lands posted and identify them as the lands on which defendant was alleged to have illegally fished, was well taken. The court judicially knows that the land lots in what was formerly Irwin county, then Worth, and now Turner, contained four hundred and ninety acres of land. The description in the register of the land posted was too vague and indefinite for purposes of identification. "Two hundred and forty acres of land, second land district, lot of land No. 70," would not indicate the location of the land or in what portion of the lot it lay. The two hundred and forty acres might be on the north side of the lot, the east side, west side, or south side, or in the centre of the lot. The evidence should have been repelled; and for this reason a new trial should have been granted.

The 2d ground of the motion for a new trial presents no reason why the court should have ordered a mistrial; and the grounds complaining of the judge's charge present no such assignment of error as can be considered by this court. The 3d ground can not be considered, because it is well settled that the overruling of a demurrer is not a proper ground of a motion for a new trial. For these reasons it is unnecessary to consider any of the remaining grounds of the motion.                    *Judgment reversed.*