# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1914

---

### HAGINS *et al. v.* SIMMONS *et al.*

Where several private citizens applied to the court of ordinary for the removal of obstructions from an old public road informally abandoned by the county authorities, alleging that such road was a private way, and procured an express adjudication that the way alleged to have been obstructed was a private way used by the applicants for more than twelve months, and that it had been closed by the defendants without having given the common users thereof the statutory notice of their intention to close it, and obtained an order that the obstructions be removed, the applicants in that proceeding will be estopped from subsequently maintaining against the same defendants an equitable action to remove obstructions placed thereon after having given the notice required by the statute for closing a private way, on the theory that the road obstructed is not a private way, but is a public road which has not been formally discontinued in the manner prescribed by the statute.

OCTOBER 13, 1914.

Injunction. Before Judge Rawlings. Bulloch superior court. March 2, 1914.

I. V. Simmons and others filed their petition against Gertrude Hagins and P. C. Hagins, seeking an injunction and decree against the obstruction of a highway, and alleging as follows: There is a public road in the county of Bulloch, known as the old five-chop road, which petitioners have used in reaching another public road with which it intersects. In a proceeding before the ordinary they have been given a permanent right of way over so much of the road as lay between the residence of I. V. Simmons and the five-chop public road; the ordinary basing his decision upon an uninterrupted

use of the road by petitioners for more than seven years. About three hundred yards from where the road leading from the residence of I. V. Simmons intersects with the old five-chop public road in the direction of the county seat from this intersection, another new public road has been established, which runs to the south of the old five-chop public road, extending more nearly in an easterly direction from the county seat than does the old five-chop public road. Notwithstanding they have a permanent right of way by the judgment of the court of ordinary, and notwithstanding they have a right to travel the old five-chop road from that point in the direction of the county seat, the defendants continue to obstruct the old five-chop public road by dragging logs in the same, felling trees across it and otherwise making the road impassable. The old five-chop road is a public highway, and has never been discontinued or abandoned as a public road in the manner provided by law.

The defendants resisted the application for a temporary injunction, by demurrer and answer. From the evidence in the record it appears that the old five-chop road was one of the public roads of Bulloch county. About five or six years before the institution of this proceeding, the county authorities adopted a policy of straightening the public roads of the county. Among the roads that were straightened was the old five-chop public road. No formal application was made to the county commissioners for its alteration or for the discontinuance of any part of it, but this was accomplished by an agreement between the county authorities and one of the defendants, who owned the land traversed at the point of the change by the old road as well as the new road; the landowner agreeing to give to the county the land occupied by the new road in exchange for so much of the old road as it was intended to discontinue. About five years after the change was made the plaintiffs filed an application in the court of ordinary against the defendants, to require the removal of obstructions from the road extending from the residence of I. V. Simmons to the alteration in the public road, on the ground that they had a prescriptive title to the same. The ordinary rendered a judgment requiring a removal of the obstructions within forty-eight hours, the judgment reciting: " [1] the obstructions complained of on the turnout road leading from the direction of I. V. Simmons' to where said road comes into the old public road being ordered removed upon the finding of the

court that petitioners have a prescriptive right of way to that part of said road by reason of constant and uninterrupted use of the same for seven years or more. [2] The obstructions complained of, upon what was once the old public road from the point where said turnout road strikes the old public road to the point where said old public road comes in contact with the new public road, being ordered removed upon the finding of the court that the petitioners are entitled to a private way over that part of said old public road by reason of its use for more than one year, and that it was obstructed by defendant without defendant having given the common users of said private way 30 days notice in writing of her intention to close the same." In compliance with this judgment the defendant gave the 30 days written notice of her intention to close the road described in division 2 of the judgment of the court of ordinary; and the obstructions sought to be removed in this proceeding were placed after the expiration of the time named in the written notice. The defendants pleaded the judgment of the court of ordinary as an estoppel against the plaintiffs from now claiming that the road where the obstructions were placed is a public road, inasmuch as they procured an adjudication that the road was a private way used by them for more than 12 months, and obtained an order for the removal of the obstructions on the ground that the statutory notice had not been given of the intention to close such private way. The court granted an interlocutory injunction, and the defendants excepted.

*Brannen & Booth* and *S. L. Moore,* for plaintiffs in error.

*Fred T. Lanier* and *Deal & Renfroe,* contra.

EVANS, P. J. (After stating the foregoing facts.) It will be observed from the foregoing statement that the plaintiffs claimed a right of approach to a public road of the county, partly over a prescriptive private way and partly over the old five-chop public road, which, it was contended, had been informally discontinued by the county authorities. The defendants in the court below contended that the plaintiffs, after having had that part of the old five-chop road (which the county authorities undertook to abandon by a slight alteration) adjudicated as a private way, in a proceeding to which the plaintiffs in the present case were parties, and having obtained an order causing a removal of the obstructions placed thereon, are estopped from asserting in this proceeding that such portion of the way as is coincident with the old five-chop road is to be regarded as

a public road. We think this contention is sound. The court of ordinary was without jurisdiction to order a removal of obstructions from a public highway; and when the plaintiffs went into that forum and distinctly alleged that the road which had been informally abandoned by the authorities of the county was a private way, and obtained an adjudication as such, and rights under that adjudication, they will be estopped from mending their hold and instituting a second proceeding in a different forum, based upon an entirely different theory.

*Judgment reversed. All the Justices concur.*