9751.   COOK *v.* THE STATE.

- 1. "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury."

(a) "The indictment was sufficiently full and definite in its statement to inform the defendant of the offense with which he was charged, and exact enough to protect him from a second jeopardy."

2. The court did not err in overruling the motion to change the venue.

3. "Alleged disqualification of grand jurors propter affectum is not a valid ground for plea in abatement to an indictment."

4. Ground 4 of the amendment to the motion for a new trial will not be considered, because the trial judge refused to approve and certify that ground.

5. "In trials for misdemeanors there is no right to examine a juror upon his voir dire without first challenging him and assigning a cause of challenge."

6. As qualified by the trial judge there is no merit in ground 6 of the motion, as to disqualification of a juror.

7. "Prima facie the time fixed by the rules of court for the argument of cases is sufficient; and the discretion of the judge in refusing additional time to counsel is not abused where it does not appear that the issues are so complicated, or the evidence so voluminous, as to make the case exceptional."

8. Grounds 8 and 9 of the motion for a new trial, not having been argued in the brief of plaintiff in error, will be treated as abandoned.

9. The court did not err in admitting the evidence of Forrest Adair, of which complaint is made in grounds 10 to 18 inclusive.

(a) A conspiracy can be shown by circumstances, as well as by direct evidence.

(b) "If sufficient prima facie evidence of a conspiracy is introduced to authorize the admitting of evidence of acts and declarations of one of the alleged conspirators, ultimately it is for the jury to determine whether, from the whole evidence, a conspiracy has been shown."

10. The evidence to which objections were made in grounds 20 and 21 was not inadmissible for the reasons urged.

11. In so far as they were correct and applicable to the facts, the requests to charge embraced in grounds 22, 23, and 25, were covered by the charge of the court.

12. "It is only where a case is wholly dependent upon the law of circumstantial evidence that the trial judge is required to give the law of circumstantial evidence." The indictment in this case being supported by direct as well as circumstantial evidence, it was not erroneous for the court to fail to charge the law of circumstantial evidence.

(a) In a criminal case in which the evidence is entirely circumstantial the failure of the judge to charge thereon "will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis."

13. "The charge of the court having, as a whole, properly submitted to the jury the controlling issues involved, under correct principles of law,

the inaccuracy and immateriality which might exist in the portions excepted to can not work a reversal, where it appears that the jury could not reasonably have been misled thereby."

14. When read in connection with the entire charge of the court and in the light of all the evidence, the excerpts from the charge of which complaint is made contain no error that would require the granting of a new trial.

15. No constitutional question is raised by ground 45 of the motion for a new trial.

16. The alleged newly discovered evidence of R. E. Lee, referred to in ground 46, can in no sense be "newly discovered."

17. The evidence demanded the verdict rendered.

DECIDED NOVEMBER 1, 1918.

Indictment for blackmail; from Fulton superior court—Judge Hill. March 30, 1918.

The grand jury of Fulton county returned an indictment against J. W. Cook and Mrs. H. H. Hirsch, charging them with the offense of blackmail, and containing three counts, as follows: First, that the defendants "did verbally accuse Asa G. Candler Sr. with the offense of adultery with Mrs. H. H. Hirsch, a married woman, with intent to extort money from the said Asa G. Candler Sr." Second, that the defendants "did verbally threaten to accuse Asa G. Candler Sr. with the offense of adultery with Mrs. H. H. Hirsch, with intent to extort money from said Asa G. Candler Sr." Third, that the defendants "did verbally accuse and threaten to accuse Asa G. Candler Sr. with preparing and attempting to have sexual intercourse, and actually having had sexual intercourse with Mrs. H. H. Hirsch, a married woman, and did then and there threaten that unless a sum of money was paid to the said J. W. Cook and the said Mrs. H. H. Hirsch, to expose said sexual intercourse and said preparations and attempt to have sexual intercourse to the husband of the said Mrs. H. H. Hirsch, and likewise to bring said alleged acts to the attention of the grand jury of the county of Fulton, the same being done with intent to extort money from the said Asa G. Candler Sr." A demurrer to the indictment, a motion for change of venue, and a plea in abatement were overruled. The trial resulted in a verdict of guilty, the defendant's motion for a new trial was overruled, and the case came to this court on exceptions to the rulings stated.

*John R. Cooper, James & Bedgood, Richard B. Russell,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, R. R. Arnold,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) 1. The material parts of the indictment will be found in the foregoing statement of facts. Whether or not the demurrer should have been sustained and the indictment quashed will be determined under the laws of this State. Section 954 of the Penal Code (1910) says: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." The first headnote in *Williams* v. *State,* 2 *Ga. App.* 629 (58 S. E. 1071), is as follows: "Where every essential ingredient of the offense charged is set forth with sufficient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable." The indictment in this case measures fully up to the above requirements. It is "so plain that a common man may without doubt or difficulty, from the language used, know what is the charge made against the accused." *Locke* v. *State,* 3 *Ga.* 534, 540. "The indictment was sufficiently full and definite in its statement to inform the defendant of the offense with which he was charged, and exact enough to protect him from a second jeopardy." *Youmans* v. *State,* 7 *Ga. App.* 101 (4), 111 (66 S. E. 383). The indictment is for a statutory offense, and it is a well-settled principle of pleading in this State that "an indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592); *Stoner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602). Indeed the question as to whether this indictment is good does not seem to be an open one. In the case of *Chunn* v. *State,* 125 *Ga.* 789 (54 S. E. 751), in which the distinguished leading counsel for the plaintiff in error in this case was sole counsel for the plaintiff in error, it was held: "The offense of blackmail as set forth in the Penal Code, § 116 [Code of 1910, § 118] was sufficiently laid in an indictment which alleged that the defendant, with *intent to extort money* from a named person, did accuse him of a par-

ticular crime, and compel him to do certain acts against his will."
The indictment in that case, in so far as it alleged that the de-
fendant had charged the prosecutor with a crime, asserted that the
defendant did "unlawfully verbally accuse M. Kunz with the crime
of fornication and adultery with Mrs. Rosa Chunn." It went
further, however, and charged the defendant with doing certain
other things "against his will," and alleged that the charge of
the crime and the compelling of Kunz to do the things alleged
against his will were with the intent to extort money from him.
The demurrer in that case was somewhat similar to the one in the
instant case; it was overruled, and that ruling was sustained by
the Supreme Court. Fornication and adultery, and adultery, are
each clearly understood and recognized as crimes under our law.
In the opinion in the *Chunn* case Mr. Justice, Atkinson said
(p. 790) : "It will be observed that the gravamen of the offense is
the 'intent to extort money or other thing of value.' In the in-
dictment it is clearly alleged that the defendant did the several
things which are therein specified, and that the same were done
'with intent to extort money from M. Kunz.' It therefore appears
that the defendant was charged in the very language of the statute,
which, under familiar rules of law, is all that is required." Under
the above-quoted section of the code the crime of blackmail is
complete if any person "with intent to extort money or other thing
of value," either "verbally or by printing or writing, accuse an-
other of a crime or offense," or "expose or publish any of his or her
personal or business acts, infirmities, or failings," or "compel any
person to do any act, or to refrain from doing any lawful act,
against his will." In the *Chunn* case the indictment alleged not
only that the defendant charged the prosecutor with a crime,—
adultery and fornication,—but alleged that the defendant compelled
the prosecutor against his will to do certain other things, with in-
tent to extort money. The court held, in effect, that the indict-
ment was good on both branches of the charge.

2. Complaint is made that the judge erred in overruling the
motion to change the venue. This point is saved to the plaintiff
in error by the exceptions pendente lite. Before such a ruling
would avail the movant he must show that by it injury resulted
to his cause. While the exceptions pendente lite recite that, "Upon
said application or petition being read, and before defendant's coun-

sel could have an opportunity to be heard, and before an opportunity was afforded defendant to introduce any testimony to sustain any allegations in his motion to change the venue, the judge presiding then and there overruled said application to change the venue of said case," yet it nowhere affirmatively appears that he was prepared to support his motion "by affidavits or oral testimony;" and this would be necessary before the judge would have any evidence upon which to pass. Penal Code (1910), § 964. To deprive a defendant of the privilege of introducing evidence does not hurt his cause if he makes no offer to introduce evidence, or if the evidence offered would not change the result. This court can not say that the movant was hurt by the refusal of the court to hear evidence, until it is shown what the evidence is. Even when evidence has been introduced, it is the fixed policy of this State not to interfere with the discretion of the trial judge unless this discretion has been "plainly and manifestly abused." *Coleman* v. *State,* 141 *Ga.* 737 (82 S. E. 227); *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1).

3. The court did not err in overruling the special plea which attacked the validity of the indictment on the ground that V. H. Kreigshaber, one of the grand jurors who participated in finding the bill, was a stockholder in a corporation of which the prosecutor was also a stockholder, and probably a director. "Alleged disqualification of grand jurors propter affectum is not a valid ground for plea in abatement to an indictment." *Hall* v. *State,* 7 *Ga. App.* 115 (66 S. E. 390). See also *Parris* v. *State,* 125 *Ga.* 777 (3, 4) (54 S. E. 751).

4. Ground 4 of the amendment to the motion for a new trial will not be considered, because the trial judge refused to approve and certify that ground.

5. Even if ground 5 had been good as originally drawn, it was so qualified by the judge as to render it without merit. In reference to this ground of the motion the judge says: "The court certifies that the court did decline to put the jurors on the list on their voir dire on motion of the defendant, but before the jury were sworn in the case the court did announce to counsel: 'If either side has any challenge to offer to any of these jurors I will hear the challenge,' and the defendant's counsel did not offer any challenge." There is no statutory provision in Georgia which re-

quires that jurors in misdemeanor cases be put on their voir dire. In *Schnell* v. *State,* 92 *Ga.* 459 (17 S. E. 966), it was said: "In trials for misdemeanors there is no right to examine a juror upon his *voir dire* without first challenging him and assigning a cause of challenge. This must be done before the juror is sworn, unless the cause of challenge be unknown till afterwards. Where it does not appear to the reviewing court that any particular juror was challenged, or that any cause of challenge was assigned, or at what stage of the proceedings the request was made to examine jurors on their *voir dire,* the refusal of the court to put each and every one of the jurors on his *voir dire* at the request of counsel for the accused cannot be held erroneous, the *onus* of showing error being upon the party who alleges it." Under this ruling the court did not err in refusing "to put the jurors empaneled and on the list from which the jury was to be stricken on their voir dire to test their impartiality on account of the magnitude of the case." See also *Wells* v. *State,* 102 *Ga.* 658, 659 (29 S. E. 442).; *Crew* v. *State,* 113 *Ga.* 645 (38 S. E. 941).

6. As qualified by the trial judge there is no merit in ground 6 of the motion for a new trial, which is based on the refusal of the judge to sustain a challenge to a juror on the ground that he worked for the Georgia Railway & Power Company, of which the prosecutor is a stockholder. See, in this connection, *Redfearn* v. *Thompson,* 10 *Ga. App.* 550 (4), 556 (73 S. E. 949).

7. We cannot say as a matter of law that the judge of the trial judge abused his discretion in refusing to allow to counsel for the accused an extension of time in which to argue the case. "Prima facie the time fixed by the rules of court for the argument of cases is sufficient; and the discretion of the judge in refusing additional time to counsel is not abused where it does not appear that the issues are so complicated, or the evidence so voluminous, as to make the case exceptional." *Bowen* v. *Gaskins,* 144 *Ga.* 1 (5); *Griggs* v. *State,* 17 *Ga. App.* 301 (4), 302 (86 S. E. 726).

8. Grounds 8 and 9 of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, will be treated as abandoned. In the brief, after quoting the evidence objected to, it is said: "It is insisted that the court erred in admitting this testimony as stated, over objections of defendant's counsel, and the evidence should have been ruled out on a motion

made for that purpose, and a new trial should be granted for that reason." In reference to ground 9 the following is stated: "It is insisted that objections should have been sustained, and the court erred in overruling and in not sustaining the objections made." No authorities are cited. "Such a statement does not amount to an argument in support of the grounds referred to, and affords no assistance to the court in considering them, and the failure to say anything further in regard to them amounts to an abandonment thereof." *Rounsaville* v. *Camp,* 19 *Ga. App.* 336 (4) (91 S. E. 446); *James* v. *Boyett,* 19 *Ga. App.* 157 (2) (91 S. E. 219); *Muse* v. *Hall,* 18 *Ga. App.* 651 (3) (90 S. E. 222); *Youmans* v. *Moore,* 11 *Ga. App.* 66 (74 S. E. 710). However, the conversation between the prosecutor and the defendant on trial, the admission of which is complained of in ground 8, was clearly admissible; and the evidence, the admission of which is complained of in ground 9, was not the evidence of an attorney and was not subject to objection on the ground that it was a "communication between lawyer and client, the advice he gave; it is against public policy."

9. Grounds 10 to 18 inclusive are based upon alleged errors in admitting evidence of Forrest Adair. To some of the evidence copied in these grounds it appears that no objection was made; to other portions the objections are too indefinite to be considered; and other portions were admissible as against the objections made. Ground 19 cannot be considered, because it has been repeatedly held by this court and our Supreme Court that the ground of a motion for a new trial must be complete within itself; and where it is based on the admission of evidence, the evidence itself must be set out literally or in substance, and the ground must be clear and understandable without reference to other parts of the record. See *Copeland* v. *Ruff,* 20 *Ga. App.* 217 (2), 218 (92 S. E. 955), and cases cited. Several of these grounds complain of the introduction in evidence of statements made by Mrs. Hirsch, on the ground that no conspiracy had been shown between Mrs. Hirsch and the defendant on trial. A conspiracy can be shown by circumstantial as well as by direct evidence. *Carter* v. *State,* 141 *Ga.* 308 (80 S. E. 995); *Stevens* v. *State,* 8 *Ga. App.* 217 (3) (68 S. E. 874). Before any motion was made to exclude evidence on the ground that no conspiracy had been shown, the evidence previously introduced was sufficient to show, prima facie, a conspiracy between

Mrs. Hirsch and the defendant on trial; and when this has been shown, the acts and declarations of the conspirators should go to the jury, and it is for them finally to determine whether or not the conspiracy has been proven. The evidence of what was said and done by both the defendant on trial and Mrs. Hirsch prior to the time of finding the indictment was while the common enterprise was pending, was "during the pendency of the criminal project" and in furtherance of its object, and was admissible. Everything shown by this evidence was a part of the scheme, the common purpose, to extort money from Candler. The evidence showed a concert of action between Cook and Mrs. Hirsch, showed that they "conspired"—con spirare—"breathed together," united in a common purpose. *Coleman* v. *State,* 141 *Ga.* 731 (2), 733 (82 S. E. 228).

In the opinion in the case just cited, Mr. Justice Lumpkin said: "Objection was made to several parts of the evidence which were only admissible as tending to show a conspiracy, or on the basis of a conspiracy; and error was also assigned on certain charges on the law of conspiracy. It was contended that the evidence was irrelevant, and that there was no sufficient evidence of a conspiracy on which to base its admission or the charges on that subject. After the fact of conspiracy is proved, the declarations of any one of the conspirators, during the pendency of the criminal project and connected therewith, are admissible against all. Penal Code (1910), § 1025. While it may generally be the better practice to require a prima facie case of conspiracy first to be made, before admitting evidence of the acts and declarations of one of the alleged conspirators, there is no inflexible rule to that effect. The trial court has some discretion as to the order in which testimony may be introduced; and if a prima facie case of conspiracy is shown from the whole evidence, the admitting of such testimony is not error. Unless, however, a conspiracy is shown prima facie, such evidence can only operate against the person whose acts and declarations are proved, if he is on trial; or if he is not on trial, they are not admissible against the defendants being tried, and should be rejected. 8 Cyc. 682. If sufficient prima facie evidence of a conspiracy is introduced to authorize the admitting of evidence of acts and declarations of one of the alleged conspirators, ultimately it is for the jury to determine whether, from the whole evidence, a

conspiracy has been shown; and if they find that none has been established, it is then their duty not to consider the acts and declarations of the supposed co-conspirator which has been admitted, except so far as they may affect him, if he is on trial. 3 Enc. Ev. 428. As to the admissibility of the evidence, if a prima facie case of conspiracy is shown, it does not matter whether the supposed conspirator whose acts or declarations are proved is on trial or not. *Slaughter* v. *State*, 113 *Ga*. 284, 288 (38 S. E. 854, 84 Am. St. R. 242). A conspiracy may be shown by circumstantial evidence as well as by that which is direct. *Weaver* v. *State*, 135 *Ga*. 317 (69 S. E. 488); *Walker* v. *State*, 136 *Ga*. 126 (70 S. E. 1016); *Turner* v. *State*, 138 *Ga*. 808, 812 (76 S. E. 349)." In *McDaniel* v. *State*, 103 *Ga*. 268 (30 S. E. 29), the Supreme Court said: "The evidence being sufficient to show a common plot or conspiracy on the part of the son and the father to attack the deceased, there was no error in admitting in evidence a declaration of the son, made immediately preceding the homicide, but after formation of the conspiracy. Penal Code, § 999. While it is the better practice to require proof of the conspiracy before admitting such declarations, the admission of the evidence in a different order will not be ground for a new trial." In the case of *Barrow* v. *State*, 121 *Ga*. 187 (2) (48 S. E. 950), it was held: "Though evidence is objectionable because conspiracy was not proved, if it be afterwards shown, it renders the evidence competent." See also *Bolton* v. *State*, 21 *Ga. App.* 184 (94 S. E. 95). Applying these principles to the rulings of the court below in this case, on the objection that no conspiracy had been shown, it is clear that under the evidence there was no error in the rulings on this question.

10. The evidence of Mrs. Taylor and of Mr. Irwin, the introduction of which is objected to in grounds 20 and 21 of the motion for a new trial, is not inadmissible for the reason urged, that "no conspiracy has been proved." What is said in the preceding subdivision as to conspiracy is applicable to both these grounds.

11. In so far as they were correct and applicable to the facts, the requests to charge embraced in grounds 22, 23 and 24 were covered by the charge given.

12. Ground 25 complains that the court erred in failing to charge on circumstantial evidence. The trial judge certifies that there was no request so to charge. The rule is that "It is only

where a case is wholly dependent upon the law of circumstantial evidence that the trial judge is required to give the law of circumstantial evidence." The indictment in this case being supported by direct as well as circumstantial evidence, it was not erroneous for the court to fail to charge the law of circumstantial evidence. *Nobles* v. *State,* 127 *Ga.* 212 (5), 217 (56 S. E. 125); *McElroy* v. *State,* 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State,* 125 *Ga.* 296 (54 S. E. 127); *Cliett* v. *State,* 132 *Ga.* 36 (63 S. E. 626); *Hicks* v. *State,* 146 *Ga.* 221 (4), 225 (91 S. E. 57). While it is true that the evidence to show the conspiracy is circumstantial only, it is sufficient to "exclude every other reasonable hypothesis save that of the guilt of the accused." It is so convincing that from it no other conclusion can be reached than that Cook and Mrs. Hirsch had conspired together to charge Candler with adultery and then threaten to publish the fact "with intent to extort money" from him. But granting that the guilt of the accused depended entirely upon circumstantial evidence, no request was made to charge thereon, and the failure of the judge so to charge does not demand the grant of a new trial "when the guilt of the accused is clearly and convincingly proved." "While the failure of the court upon a criminal trial, in which the evidence against the accused is entirely circumstantial, to instruct the jury concerning the rule applicable to evidence of this character would, in a close case, be cause for a new trial, such failure will not require another trial when the guilt of the accused is clearly and convincingly proved, and the charge as to the amount and character of proof requisite to a lawful conviction is such as to leave no room for doubt that the verdict would have been the same even if the court had in terms stated to the jury that, in order to warrant a verdict of guilty, the evidence must not only be consistent with the guilt of the accused, but inconsistent with every other reasonable hypothesis." *Toler* v. *State,* 107 *Ga.* 682 (63 S. E. 629). In *Cason* v. *State,* 16 *Ga. App.* 820 (86 S. E. 644), the 4th headnote is as follows: "The evidence demanded the conviction of the accused, and it was therefore immaterial what the judge charged or failed to charge the jury." See also the opinion in that case (pp. 824, 825). In *Hagar* v. *State,* 71 *Ga.* 164, headnote 3a is as follows: "The verdict was required by the evidence, and in such cases, even if there be error in the charge, it will not necessitate a

new trial." See also the opinion in that case, and cases cited on page 167; *Jones* v. *State,* 105 *Ga.* 649 (31 S. E. 574); *Barrow* v. *State,* 80 *Ga.* 191 (3), 193 (5 S. E. 64).

13. Ground 26 of the motion alleges that the court erred in charging as follows: "The indictment charges that this defendant Cook and the other defendant Hirsch entered into a conspiracy, agreement, and plan and plot, and the purpose of that agreement was to charge Asa G. Candler Sr. with the offense of adultery, and in pursuance of that conspiracy they did charge him with the offense of adultery with Mrs. H. H. Hirsch; that the purpose of that accusation and threat to accuse of the crime of adultery was for the purpose of extorting money, or other thing of value from Asa G. Candler Sr." While this is an incorrect statement of the wording of the indictment, yet as under the indictment as drawn it was permissible to prove a conspiracy, and one was shown, this was not such an error as would likely mislead the jury and is not of sufficient materiality to require a new trial. The jury could not have been misled by the words "or other thing of value," in the statement that the indictment charges "that the purpose of that accusation and threat to accuse of the crime of adultery was for the purpose of extorting money or *other thing of value* [italics ours] from Asa. G. Candler Sr.;" for the evidence showed that the only thing demanded was money. "The charge of the court having, as a whole, properly submitted to the jury the controlling issues involved, under correct principles of law, the inaccuracy and immateriality which might exist in the portions excepted to can not work a reversal, where it appears that the jury could not reasonably have been mislead thereby." *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53 (92 S. E. 391).

14. Grounds 27 to 44 inclusive are based upon alleged errors in the charge. Some of these grounds are not argued, but when read in connection with the entire charge and in the light of all the evidence, there is no error in any of these extracts from the charge which would authorize the granting of a new trial. Even if the portions of the charge complained of in grounds 38 and 44 should not have been given, the proof shows so conclusively the fact of conspiracy that this inaccuracy does not authorize the grant of a new trial.

15. Upon the idea that ground 45 of the motion for a new trial raised a constitutional question, this case was transferred to the Supreme Court. The case was returned to this court, with an order as follows: "This case was transmitted by the Court of Appeals to this court on the ground that in their opinion the case is one of which the Supreme Court has jurisdiction. After consideration it is held that the Court of Appeals and not this court has jurisdiction, and it is ordered that the case be retransferred to the Court of Appeals." Under this ruling of the Supreme Court no constitutional question is raised by this ground of the motion.

16. The alleged newly discovered evidence of R. E. Lee, referred to in ground 46 can not in any sense be "newly discovered." The ground of the motion itself shows that the facts stated therein were known by the defendant Cook prior to the trial. Indeed this alleged newly discovered evidence consists of conversations with the defendant, and acts and conduct of the witness in the presence of the defendant prior to the trial.

17. As the evidence demanded the verdict rendered, the judgment must be

    *Affirmed. Broyles, P. J., and Harwell, J., concur.*