### 21770. WALTON *v.* THE STATE.

BROYLES, C. J. 1. "Where every essential ingredient of the offense charged is set forth with sufficient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable." *Williams* v. *State,* 2 *Ga. App.* 629 (58 S. E. 1071) ; *Cook* v. *State,* 22 *Ga. App.* 770 (97 S. E. 264). The indictment in the instant case, charging the offense of "blackmail," measured up to the above requirements, and the demurrer, general and special, was properly overruled.

2. A ground of the motion for a new trial complains of the admission in evidence of a certain typewritten letter (containing threats against the prosecutor, I. N. Ragsdale), over the defendant's objections that the evidence failed to show that the defendant wrote it, or that he had it written or sent to Mr. Ragsdale. While there was no direct evidence that the defendant wrote the letter or sent it to Mr. Ragsdale, the circumstantial evidence authorized a finding that the defendant wrote the letter, and that he sent it to Mr. Ragsdale, for the purpose of blackmailing him and extorting money from him. Furthermore, the evidence authorized such a finding to the exclusion of every other reasonable theory. The defendant's further objection that the letter was "immaterial, irrelevant, and prejudicial to the defendant," was too general and indefinite to be considered. The letter was properly admitted in evidence.

3. The evidence connecting the defendant with the crime charged, while wholly circumstantial, was amply sufficient to exclude every reasonable hypothesis save that of his guilt, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 11, 1931.

*H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, W. Schley Howard,* contra.