## 38163. RELIFORD *v.* THE STATE.

CARLISLE, Judge. 1. An accusation which charges that the defendant did on a named date in a named county "drive and operate a motor vehicle upon that certain public highway known as Georgia State Highway No. 135 while under the influence of intoxicating wines, liquors, drugs and opiates," sufficiently states the offense charged so as not to be generally demurrable. The test of the sufficiency of an accusation is whether the defendant can admit all that the accusation charges and still be innocent of having committed any offense. *Hall* v. *State,* 47 *Ga. App.* 833, 834 (171 S. E. 727).

2. "Where every essential ingredient of the offense charged is set forth with sufficient clearness to enable the defendant to prepare his defense, and the jury clearly to understand the nature of the offense, the accusation is not demurrable." *Williams* v. *State,* 2 *Ga. App.* 629 (1) (58 S. E. 1072); *Walton* v. *State,* 44 *Ga. App.* 298 (1) (161 S. E. 273). One reason for requiring definiteness of description in indictments and accusations is to enable the accused to plead any judgment either of acquittal or conviction rendered on such indictment or accusation in bar to any other indictment or accusation. *Brown* v. *State,* 116 *Ga.* 559, 561 (42 S. E. 795). Applying the foregoing principles to the accusation in this case, it was not essential to its validity that the type, model, make or kind of motor vehicle that the defendant was charged with having driven while in an intoxicated condition be set forth therein. The essential ingredients of the offense are: the operation of

*any vehicle* by the accused while under the influence of intoxicating liquor. Code (Ann.) § 68-1625. It is not necessary that an accusation or an indictment allege evidentiary matters. See *Snell* v. *State*, 13 *Ga. App.* 158, 161 (79 S. E. 71).

3. A confession, to be admissible, must have been made freely and voluntarily without the slightest hope of benefit or remotest fear of punishment. Code § 38-411. Pursuant to this requirement, before evidence of a confession may be admitted, the State must first introduce evidence of facts showing the circumstances and conditions under which the confession was made. Where it is sought to introduce evidence of such confession without first making such preliminary showing a timely objection thereto ought to be sustained. *Lemon* v. *State*, 80 *Ga. App.* 854 (57 S. E. 2d 626). In the instant case a witness for the State was allowed to testify that the defendant told him that he drove the tractor (the motor vehicle which he was charged with driving while intoxicated) from the prosecutor's house to a neighboring house, over the objection that "he didn't lay a foundation for that . . . he didn't lay any foundation for a confession. I ask the court to exclude that." The admission of this testimony is complained of in special ground 1 of the motion for a new trial. While the statement of the defendant thus testified to may not have amounted to a confession of guilt (*Brown* v. *State*, 83 *Ga. App.* 650, 651, 64 S. E. 2d 313; *James* v. *State*, 86 *Ga. App.* 282, 71 S. E. 2d 568), it, nevertheless, was subject to the objection made and the trial court erred in admitting it without first requiring the State to show that the statement was freely and voluntarily made and in thereafter overruling special ground 1 of the motion for a new trial. *Johnson* v. *State*, 1 *Ga. App.* 129 (57 S. E. 934); *Mill* v. *State*, 3 *Ga. App.* 414 (60 S. E. 4); *Turner* v. *State*, 203 *Ga.* 770 (3) (48 S. E. 2d 522).

4. In this case the admission in evidence of testimony of a witness that she had seen the defendant drunk many times, or several times, over the objection that such testimony put the defendant's character in issue, was error, and the trial judge erred in overruling special ground 2 of the motion complaining thereof. *Kelley* v. *State*, 98 *Ga. App.* 324 (2) (105 S. E. 2d 798). Such evidence had no probative value insofar as the particular case being tried and was probably prejudicial to the defendant.

5. The evidence in the case with relation to the statement made

by the defendant to the sheriff, as shown in headnote 3 above, being at most evidence of an inculpatory admission, it was not error for the court to fail to charge the law relating to confessions embodied in Code §§ 38-411 and 38-420. In fact, it would have been reversible error had the court charged these sections. *Allen* v. *State,* 187 *Ga.* 178, 180 (3) (200 S. E. 109, 120 A. L. R. 495).

6. Inasmuch as the case is being reversed for error in the admission of evidence, the general grounds and special ground 4, which is but an elaboration of the general grounds, will not be passed on since the evidence on another trial may not be the same.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 24, 1960.

*J. Laddie Boatright,* for plaintiff in error.
*M. L. Preston, Solicitor,* contra.